UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
JOEL RUBEL, Individually and on Behalf of : Civil Action No. 1:17-cv-01545-LAK
All Others Similarly Situated,                            :
                                                          : CLASS ACTION
                          Plaintiff,                      :
                                                          :
      vs.                                                 :
                                                          :
AMTRUST FINANCIAL SERVICES, INC.,                         :
BARRY D. ZYSKIND and RONALD E.                            :
PIPOLY JR.,                                               :
                                                          :
                          Defendants.                     :
---------------------------------------------------------- :
JOHN SACHETTI, Individually and on Behalf : Civil Action No. 1:17-cv-02001-LAK
of All Others Similarly Situated,                         :
                                                          : CLASS ACTION
                          Plaintiff,                      :
                                                          :
      vs.                                                 :
                                                          :
AMTRUST FINANCIAL SERVICES, INC.,                         :
BARRY D. ZYSKIND and RONALD E.                            :
PIPOLY JR.,                                               :
                                                          :
                          Defendants.                     :
---------------------------------------------------------- x

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S
SELECTION OF LEAD COUNSEL

1261034_1

**I.      INTRODUCTION**

Two related securities class action lawsuits (the "Related Securities Cases") are pending before this Court on behalf of purchasers and/or acquirers of AmTrust Financial Services, Inc. ("AmTrust" or the "Company") publicly traded securities between March 2, 2015 and March 16, 2017 (the "Class Period").[1] In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Securities Cases should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a); §IV.A., *infra.*

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The New England Carpenters Funds should be appointed as lead plaintiff because they timely filed this Motion, have the largest financial interest in the outcome of this litigation and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the New England Carpenters Funds' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience

---

[1]     The Related Securities Cases are *Rubel v. AmTrust Fin. Servs., Inc.*, No. 17-cv-1545 (S.D.N.Y.) and *Sachetti v. AmTrust Fin. Servs., Inc.*, No. 17-cv-2001 (S.D.N.Y.). There is another nearly identical complaint pending in the Central District of California: *Miller v. AmTrust Fin. Servs., Inc.*, No. 17-cv-1608 (C.D. Cal.). The New England Carpenters Guaranteed Annuity and Pension Funds (the "New England Carpenters Funds") are filing a lead plaintiff motion in California as well.

prosecuting securities class actions and will adequately represent the interests of all class members. *See* §IV.C., *infra*.

## II.     FACTUAL BACKGROUND

AmTrust is a multinational insurance company that underwrites and provides property and casualty insurance products, including workers' compensation, commercial automobile, general liability, and extended service and warranty coverage. Key to the Company's prospects is its ability to accurately evaluate and record risk and loss contingencies in connection with its insurance products.

The complaints in the Related Securities Cases allege that, during the Class Period, defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company had ineffective assessment of the risks associated with financial reporting; (2) the Company had an insufficient complement of corporate accounting and corporate financial reporting resources within the organization; (3) in turn, the Company lacked effective controls over financial reporting; and (4) as a result, defendants' statements about the Company's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. *See Rubel*, Dkt. No. 1, ¶4; *Sachetti*, Dkt. No. 1, ¶8. In addition to these complaints, there is another complaint alleging nearly identical misconduct against the same defendants pending in the Central District of California. *See Miller*, Dkt. No. 1, ¶22.

On April 4, 2016, AmTrust abruptly announced it had switched auditors to KPMG LLP ("KPMG") and that its prior auditor had been dismissed. On this news, the price of AmTrust stock declined $1.84 per share, or almost 7%, as investors were concerned that the auditor change signaled problems with the Company's prior financial reporting.

Then, on February 27, 2017, as KPMG was conducting its first year-end audit of AmTrust's financial results, the Company again surprised investors when it issued a press release announcing that it would be unable to timely file its Form 10-K annual financial report. The release also revealed that "errors" had been identified in AmTrust's financial statements for fiscal years ended December 31, 2015 and 2014 and certain other financial information for fiscal years ended December 31, 2013 and 2012. These errors included accruing for bonuses paid, failing to properly adjust for foreign currency transactions, and the improper recognition of warranty contract revenue. Most troubling of all, the release disclosed that AmTrust had material weaknesses in its financial reporting, including ineffective risk assessment procedures and an "insufficient complement of corporate accounting and corporate financial reporting resources within the organization." As accurate risk assessment is at the heart of AmTrust's business and prospects, these internal failures signaled to investors that the worst may be yet to come. On this news, the price of AmTrust stock declined $5.32 per share, or 19%, to close at $22.34 per share after a massive sell off, causing substantial harm to investors.

A few weeks later, on March 16, 2017, AmTrust announced that its Board of Directors had determined that the Company's previously issued financial statements for 2014 and 2015, as well as for the first three quarters of 2016, would need to be restated and should no longer be relied upon. This news also caused the price of AmTrust stock to decline another 20%.

## III.   PROCEDURAL BACKGROUND

Plaintiff Benjamin Miller filed the first securities class action on behalf of AmTrust shareholders on February 28, 2017 in the Central District of California and published the statutory notice triggering the 60-day deadline that same day. *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead

- 3 -

Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  The next day, on March 1, 2017, plaintiff Joel Rubel filed a complaint in this Court and his counsel also issued a press release announcing the filing of the complaint and informing investors of the right to seek appointment as lead plaintiff in this Court.  *See* Rosenfeld Decl., Ex. B.  On March 20, 2017, plaintiff John Sachetti filed a complaint in this Court and his counsel also issued a press release regarding the filing of that complaint.  *See* Rosenfeld Decl., Ex. C.

## IV.   ARGUMENT

### A.   The Related Securities Cases Should Be Consolidated

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a).  Importantly, the PSLRA contemplates consolidation if "more than one action on behalf of a class asserting substantially the same claim" has been filed. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

Here, the Related Securities Cases assert identical claims on behalf of overlapping classes against the same defendants:

| **Case:** | **Class Period:** | **Defendants:** |
|---|---|---|
| *Rubel v. AmTrust Fin. Servs., Inc.*, No. 17-cv-1545 (S.D.N.Y.) | 05/10/16-02/24/17 | AmTrust Financial Services, Inc., Barry D. Zyskind, Ronald E. Pipoly, Jr. |
| *Sachetti v. AmTrust Fin. Servs., Inc.*, No. 17-cv-2001 (S.D.N.Y.) | 03/02/15-03/16/17 | same |

Because these actions involve common questions of law and fact, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, the Court should consolidate these cases.

### B. The New England Carpenters Funds Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in the first-filed case was published the same day that complaint was filed, on February 28, 2017. *See* Rosenfeld Decl., Ex. A. Similar notices were published when the *Rubel* and *Sachetti* complaints were filed. *See* Rosenfeld Decl., Exs. B-C.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The New England Carpenters Funds meet these requirements and should therefore be appointed as lead plaintiff.

#### 1. The New England Carpenters Funds' Motion Is Timely

The February 28, 2017, statutory notice published in the first-filed case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the

- 5 -

right to move the Court for appointment as lead plaintiff within 60 days, or by April 29, 2017. *See* Rosenfeld Decl., Exs. A-C. April 29th was a Saturday. The "next day that is not a Saturday, Sunday, or legal holiday" is Monday, May 1, 2017. Fed. R. Civ. P. 6(a)(1)(C). Because the New England Carpenters Funds' motion is being filed on May 1st, it is timely, and the New England Carpenters Funds are eligible for appointment as lead plaintiff.

In addition to this Motion, the New England Carpenters Funds are simultaneously filing a lead plaintiff motion in the related *Miller* action pending in the U.S. District Court for the Central District of California, which also has a May 1 deadline. *See* Rosenfeld Decl., Ex. A. Once a lead plaintiff has been appointed, it is likely that the lead plaintiff and defendants will confer on the appropriate venue for the related cases to be consolidated and litigated.

### 2.    The New England Carpenters Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by the Certification, the New England Carpenters Funds' financial interest in the relief sought by the class is substantial:

| *Class Period* | *Shares Purchased* | *Estimated Loss* |
|---|---:|---:|
| 05/10/16-02/24/17 (*Miller* and *Rubel*) | 87,388 | $561,425 |
| 03/02/15-03/16/17 (*Sachetti*) | 298,131 | $2,006,413 |

*See* Rosenfeld Decl., Exs. D-F.[2] To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the New England Carpenters Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

---

[2]    While the complaints assert overlapping class periods, courts regularly use the most inclusive class period for purposes of the largest financial interest assessment. *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) (finding "use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members" at the lead plaintiff stage).

### 3. The New England Carpenters Funds Are Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). While Rule 23 has four requirements for class certification, "[a]t this stage, only a preliminary showing of adequacy and typicality is required." *In re Third Ave. Mgmt. LLC Sec. Litig.*, 2016 WL 2986235, at *4 (S.D.N.Y. May 13, 2016). "The typicality requirement is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011) (citation omitted). The adequacy requirement is satisfied when a lead plaintiff "has a significant interest in the litigation and is represented by well-qualified counsel." *Third Ave. Mgmt.*, 2016 WL 2986235, at *4.

Here, the New England Carpenters Funds suffered a significant loss on their class period investment in AmTrust stock and are motivated to diligently pursue the putative class's claims. *See* Rosenfeld Decl., Exs. D-F. The New England Carpenters Funds also have prior experience serving as lead plaintiff in securities class action cases. In addition, the New England Carpenters Funds do not have any conflict of interest between their claims and those of the putative class and are not subject to any unique defenses. Finally, the New England Carpenters Funds have selected qualified counsel to represent them and the putative class. *See* §IV.C., *infra*.

Because the PSLRA's requirements have been satisfied, the Court should grant the New England Carpenters Funds' motion.

### C. The Court Should Approve the New England Carpenters Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). "'There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel.'" *Huang v. Airmedia Grp. Inc.*, 2015 WL 10846763, at *3 (S.D.N.Y. Nov. 10, 2015) (citation omitted). The New England Carpenters Funds have selected Robbins Geller to serve as lead counsel in this case.

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly practices complex securities litigation. *See* Rosenfeld Decl., Ex. G. District courts throughout the country, including this Court, have recognized Robbins Geller's experience in litigating complex securities class actions and appointed Robbins Geller attorneys to lead roles in complex class action securities cases such as this. *See, e.g.*, *Huang*, 2015 WL 10846763, at *3 (appointing Robbins Geller as lead counsel "in light of the firm's extensive background in securities litigation"); Rosenfeld Decl., Ex. G.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the New England Carpenters Funds' selection of Robbins Geller as lead counsel is reasonable and should be approved.

## V.  CONCLUSION

The Related Securities Cases share common questions of law and fact and should be consolidated.  In addition, the New England Carpenters Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the New England Carpenters Funds respectfully request that the Court grant their Motion.

DATED:  May 1, 2017

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 1, 2017.

/s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:17-cv-01545-LAK Rubel v. AmTrust Financial Services, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Mark Adam Kirsch**
  mkirsch@gibsondunn.com,aarias@gibsondunn.com,MAO@gibsondunn.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Thomas James McKenna**
  tjmlaw2001@yahoo.com

- **Lawrence Jay Zweifach**
  lzweifach@gibsondunn.com,aarias@gibsondunn.com,MAO@gibsondunn.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`