UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>AMTRUST FINANCIAL SERVICES, INC.<br>SECURITIES LITIGATION<br><br>This document applies to: All Cases | Case No. 1:17-cv-1545 (LAK) |

# MEMORANDUM OF LAW IN SUPPORT OF UNDERWRITER DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Gregg L. Weiner
Christopher Thomas Brown
Matthew P. Hendrickson
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090
gregg.weiner@ropesgray.com
thomas.brown@ropesgray.com
matthew.hendrickson@ropesgray.com

*Attorneys for Defendants
Morgan Stanley & Co., LLC,
Citigroup Global Markets, Inc.,
UBS Securities LLC,
RBC Capital Markets, LLC, and
Keefe, Bruyette & Woods, Inc.*

Dated  January 10, 2020

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1
FACTUAL BACKGROUND ...................................................................................................... 3
ARGUMENT ................................................................................................................................ 7
I.   Plaintiffs' Section 11 & 12(a)(2) Claims Should Be Dismissed Because Plaintiffs Fail to Allege Actionable Misstatements or Omissions of Material Fact ........................... 7
II.  Plaintiffs Fail to Plead that They Are Statutory Purchasers with Standing to Bring Section 12 Claims Related to the September 2016 Offering as to Certain of the Underwriter Defendants ................................................................................................. 8
CONCLUSION ........................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Akerman v. Oryx Commc'ns, Inc.*,
   810 F.2d 336 (2d Cir. 1987) ............................................................................................... 8

*ATSI Commc'ns, Inc. v. Shaar Fund Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ................................................................................................. 3

*In re CitiGroup Inc. Bond Litig.*,
   723 F. Supp. 2d 568 (S.D.N.Y. 2010) ................................................................................ 8

*Griffin v. PaineWebber, Inc.*,
   No. 99 CIV. 2292 (VM), 2001 WL 740764 (S.D.N.Y. June 29, 2001) .............................. 8

**Statutes**

15 U.S.C. § 77k ........................................................................................................................... 7

15 U.S.C. § 77l(a)(2) ........................................................................................................... 7, 8, 9

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ........................................................................ 1

Defendants Morgan Stanley & Co., LLC ("Morgan Stanley"), Citigroup Global Markets, Inc. ("Citigroup"), UBS Securities LLC ("UBS"), RBC Capital Markets, LLC ("RBC"), and Keefe, Bruyette & Woods, Inc. ("KBW"; together with Morgan Stanley, Citigroup, UBS, and RBC, the "Underwriter Defendants") respectfully submit this memorandum of law in support of their motion for an order dismissing with prejudice the claims asserted against them in the Consolidated Third Amended Complaint (the "Third Amended Complaint" or "TAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs have sued the Underwriter Defendants under Sections 11 and 12 of the Securities Act of 1933 (the "Securities Act"). Plaintiffs' theory remains unchanged from prior versions of the complaint: that the offering materials for a 2015 common stock offering and a 2016 preferred stock offering by defendant AmTrust Financial Services, Inc. ("AmTrust") were materially misleading because those materials incorporated by reference certain audited financial statements that AmTrust later restated. The Third Amended Complaint makes limited additional allegations, the bulk of which consist of expanded quotations of accounting standards and none of which relate to the Underwriter Defendants. The inconsequential changes Plaintiffs have made in the Third Amended Complaint have not cured the deficiencies identified by the Court in its comprehensive 83-page opinion.

First, as set forth in the Argument section of the AmTrust Brief,[1] Plaintiffs have not adequately pled any material misstatement of fact because the two accounting changes driving AmTrust's restatement of its financial statements are non-actionable statements of opinion

---

[1] The term "AmTrust Brief" refers to the Memorandum in Support of the AmTrust Defendants' Motion to Dismiss the Third Amended Complaint, filed concurrently with this Brief.

1

rooted in technical accounting judgments.[2]  The Securities Act claims against the Underwriter Defendants necessarily fail for that reason and, indeed, the Underwriter Defendants had a statutory right to rely on the expert accounting opinion issued by BDO.  The Underwriter Defendants further join in and incorporate by reference all of the arguments in the AmTrust Brief regarding Plaintiffs' failure to plead any material misstatement or omission and with respect to the new allegations pertaining to AmTrust's financial statements.  Accordingly, the Third Amended Complaint fails to plead a federal securities claim against the Underwriter Defendants, and the claims should now be dismissed with prejudice.

Moreover, the Underwriter Defendants' separate and additional arguments supporting dismissal as to them remain.  Even if Plaintiffs had adequately pled an actionable misstatement, certain claims against the Underwriter Defendants would still fail for independent reasons.  In particular, as was the case with the prior Second Amended Complaint, the Third Amended Complaint does not allege that Plaintiffs have standing to assert Section 12 claims based on their purchases of AmTrust's preferred stock, other than as to purchases made from RBC.  None of the new material in the Third Amended Complaint has any bearing on this pleading deficiency.  The Section 12 claims must, therefore, be dismissed for lack of standing.

---

[2] The other alleged accounting mistatements are also non-actionable because they were not material to AmTrust's financial results.

**FACTUAL BACKGROUND**

In the interest of brevity, the Underwriter Defendants join in and integrate by reference the AmTrust Brief's Background. The following alleged facts are most relevant to the Underwriter Defendants' separate motion.[3]

**A. The Parties.**

AmTrust is a multinational property and casualty insurer. (TAC ¶ 24.)

BDO is a global accounting, tax, and auditing firm. (TAC ¶¶ 29, 234.) BDO served as AmTrust's independent auditor during each of the years ended December 31, 2012, December 31, 2013, December 31, 2014, and December 31, 2015. For each of those years, BDO issued an unqualified audit opinion on AmTrust's financial statements and its system of internal controls over financial reporting. (*Id*. ¶ 29.) In April 2016, KPMG LLP succeeded BDO as AmTrust's auditor. (*Id*. ¶¶ 345–46.)

Defendant Morgan Stanley acted as Lead Underwriter in connection with AmTrust's November 2015 Common Stock Offering and September 2016 Series F Preferred Stock Offering. (TAC ¶ 38.) Defendant Citigroup acted as an underwriter in connection with AmTrust's November 2015 Common Stock Offering only. (*Id*. ¶ 36.) Defendants UBS, RBC, and KBW acted as underwriters in connection with AmTrust's September 2016 Series F Preferred Stock offering only. (*Id*. ¶¶ 37, 39, 40.)

Plaintiffs each allege that they are a holder of either AmTrust's common stock or its Series F preferred stock, and each has filed a certification listing purported transactions in

---

[3] The well-pled allegations in the Third Amended Complaint are taken as true solely for purposes of this motion to dismiss. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The Court may further consider on a motion to dismiss "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *Id.*

3

AmTrust securities.  (TAC at ¶¶ 19–23; ECF No. 85 (Certification of New England Carpenters Annuity and Pension Funds); ECF No. 12-3 (Certification of Sharon Albano); ECF No. 25-2 at pp. 2–4 (Certification of Jupiter Capital); ECF No. 25-2 at pp. 7–9 (Certification of ILRLT); ECF No. 15-1 (Certification of Stanley Newmark).)  Each Plaintiff further alleges that such plaintiff purchased securities as set forth below:

| Plaintiff | Securities Allegedly Purchased | Alleged Manner of Purchase | Alleged Seller |
|---|---|---|---|
| New England Carpenters Annuity and Pension Funds | AmTrust Common Stock | Not specified. | Not specified. |
| Sharon Albano | AmTrust Common Stock | Securities purchased "in and traceable to the November 2015 Common Stock Offering."  (TAC ¶ 20.) | Securities purchased "directly from Defendant Morgan Stanley & Co. LLC."  (TAC ¶ 20.) |
| Jupiter Capital | AmTrust Common Stock | Securities purchased "on the open market and pursuant and/or traceable to the November 2015 Common Stock Offering."  (TAC ¶ 21.) | Securities purchased "directly from Defendant Citigroup Global Markets Inc."  (TAC ¶ 21.) |
| ILRLT | AmTrust Series F Preferred Stock | Securities purchased "in and traceable to the September 2016 Series F Preferred Stock Offering."  (TAC ¶ 22.) | Securities purchased "directly from RBC Capital Markets, LLC."  (TAC ¶ 22.) |
| Stanley Newmark | AmTrust Series F Preferred Stock | Securities purchased "on the open market and/or traceable to the September 2016 Series F Preferred Stock Offering."  (TAC ¶ 23.) | Not Specified. |

4

### B. The Offerings.

Plaintiffs' Securities Act claims against the Underwriter Defendants relate to two securities offerings. (TAC ¶¶ 270–86.) Both offerings were made pursuant to AmTrust's June 11, 2015 Registration Statement.

In the first of these offerings (the "November 2015 Offering"), AmTrust issued 5,000,000 shares of common stock pursuant to a preliminary prospectus announcing the offering on November 10, 2015, and a prospectus supplement filed on November 12, 2015 (the "Common Stock Offering Materials"). (TAC ¶¶ 182–83.) The Common Stock Offering Materials incorporated by reference, *inter alia*, AmTrust's Annual Report on Form 10-K for the year ended December 31, 2014 and AmTrust's Quarterly Reports on Form 10-Q for the quarters ended March 31, June 30, and September 30, 2015. (*Id*. ¶ 202.) Among the Underwriter Defendants, Morgan Stanley and Citigroup participated in the November 2015 Offering. (*Id*. ¶¶ 36–40.) UBS, RBC, and KBW did not underwrite the November 2015 Offering.

In the second of these offerings (the "September 2016 Offering"), AmTrust issued 10,000,000 depository shares, each of which represented a $1/40^{th}$ interest in a share of its 6.95% Non-Cumulative Preferred Stock, Series F, pursuant to a preliminary prospectus announcing the offering on September 20, 2016, and a prospectus supplement filed on September 21, 2016 (the "Series F Offering Materials"). (TAC ¶¶ 184–85.) The Series F Offering Materials incorporated by reference, *inter alia*, AmTrust's Annual Report on Form 10-K for the year ended December 31, 2015, and AmTrust's Quarterly Reports on Form 10-Q for the quarters ended March 31 and June 30, 2016. (*Id*. ¶ 213.) Among the Underwriter Defendants, Morgan Stanley, UBS, RBC, and KBW participated in this offering. (*Id*. ¶¶ 36–40.) Citigroup was not an underwriter of the September 2016 Offering.

5

### C. Procedural Background

The original complaint was filed on March 1, 2017. (*See* ECF No. 1.) It asserted claims sounding in fraud under the Securities Exchange Act of 1934 against AmTrust and certain of its officers. The Underwriter Defendants were not named in that complaint and it alleged no claims under the Securities Act. On June 19, 2017, the Court entered an order appointing lead plaintiff and lead plaintiff's counsel. (ECF No. 49.) On August 21, 2017, Plaintiffs filed their Consolidated Amended Complaint, which asserted, for the first time, claims under the Securities Act against the Underwriter Defendants. (ECF No. 54.) On November 26, 2018, Plaintiffs filed their Second Amended Complaint, which asserted additional causes of actions against BDO, but contained no new allegations relating to or causes of action asserted against the Underwriter Defendants. (ECF No. 140.) On September 9, 2019, the Court dismissed the Second Amended Complaint for failure to state a claim against any Defendant. (ECF No. 161.) On November 5, 2019, Plaintiffs filed their Third Amended Complaint, which makes additional allegations regarding AmTrust's accounting treatment of certain items, but contains no new allegations relating to the Underwriter Defendants. (ECF No. 172.)

**ARGUMENT**

I. **PLAINTIFFS' SECTION 11 & 12(a)(2) CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO ALLEGE ACTIONABLE MISSTATEMENTS OR OMISSIONS OF MATERIAL FACT**

For the reasons more fully set forth in the Argument section of the AmTrust Brief, the Third Amended Complaint fails to adequately allege any actionable material misstatements or omissions of fact. The arguments made in the AmTrust brief are expressly incorporated herein. The arguments found there apply with equal force to Plaintiffs' claims against the Underwriter Defendants, which are alleged only under Sections 11 and 12(a)(2) of the Securities Act and are based exclusively on the November 2015 Offering and the September 2016 Offering.[4]

As this Court previously held, AmTrust's restatement of its financial statements arose from a change in accounting judgments, not from the discovery of some falsehood or omission. Critically, as Plaintiffs concede in their pleadings, every penny of revenue reported by AmTrust was real. The issue underlying the restatement was the timing of when that real revenue should be accounted for under GAAP, an accounting opinion repeatedly audited and approved by BDO over a number of years. The Third Amended Complaint fails to allege any facts demonstrating that the accounting opinions at issue were objectively wrong. Moreover, many of the alleged "misstatements" are immaterial and do not suffice to state a claim under Sections 11 or 12(a)(2). As a consequence, the Securities Act claims must be dismissed as to all Defendants. *See* AmTrust Br.

---

[4] Should the Court dismiss the Securities Act claims on the grounds set forth in AmTrust's motion, it need not reach the Underwriter Defendants' additional independent grounds for dismissal articulated below.

## II. PLAINTIFFS FAIL TO PLEAD THAT THEY ARE STATUTORY PURCHASERS WITH STANDING TO BRING SECTION 12 CLAIMS RELATED TO THE SEPTEMBER 2016 OFFERING AS TO CERTAIN OF THE UNDERWRITER DEFENDANTS

An action under Section 12(a)(2) of the Securities Act may only be brought against the seller of a security by "the person purchasing such security from him." *See Akerman v. Oryx Commc'ns, Inc.*, 810 F.2d 336, 344 (2d Cir. 1987) ("Section [12(a)(2)] imposes liability on persons who offer or sell securities and only grants standing to 'the person purchasing such security' from them."). Courts in this district have held, therefore, that "a plaintiff seeking redress pursuant to Section 12(a)(2) must establish that it purchased the security *directly from defendants* through the public offering at issue." *In re CitiGroup Inc. Bond Litig.*, 723 F. Supp. 2d 568, 585 (S.D.N.Y. 2010) (emphasis added).

At the motion to dismiss stage, in order "[f]or a complaint to plausibly plead standing to raise a claim pursuant to Section 12, it must identify a particular purchase from a particular defendant pursuant to a particular prospectus that it contends contained a particular false or misleading statement." *Id*. Where Section 12 claims are asserted against multiple defendants, standing must be adequately pled as to each defendant. Where standing is only alleged as to a subset of defendants, those claims must be dismissed as to those defendants against which they are not adequately alleged. *See Griffin v. PaineWebber, Inc.*, No. 99 CIV. 2292 (VM), 2001 WL 740764, at *2 (S.D.N.Y. June 29, 2001) ("[T]he sole named plaintiff ... does not have standing to assert the § 12 claim against CIBC because he specifically asserts that he purchased his shares from defendant PaineWebber and not from CIBC.").

Applying this standard, the Third Amended Complaint fails adequately to plead Section 12 standing as any of the underwriters of the September 2016 offering other than RBC. Indeed, only two Plaintiffs, ILRLT and Newmark, allege that they purchased any preferred shares at all.

8

ILRLT specifically alleges that it purchased its preferred shares from RBC, while Newmark alleges only that he purchased shares on the open market, not pursuant to the September 2016 Offering or from any Underwriter Defendant. This is despite the fact that the Underwriter Defendants previously raised this deficiency in their motion to dismiss the Second Amended Complaint.[5] (ECF 145.) Plaintiffs, therefore, had ample opportunity in their Third Amended Complaint to include new allegations supporting their standing to bring Section 12 claims against the remaining Underwriter Defendants, but failed to do so. Accordingly, no plaintiff has adequately pled Section 12 standing as to Morgan Stanley, UBS, or KBW with respect to the September 2016 Offering and those claims must, therefore, be dismissed.[6]

---

[5] The Court did not reach this argument in its Memorandum Opinion on the parties' Motions to Dismiss the Second Amended Complaint. (ECF 161.)

[6] Citigroup is not alleged to have acted as an underwriter of the September 2016 Offering.

## CONCLUSION

For the foregoing reasons, the Third Amended Complaint should be dismissed in its entirety with prejudice as to the claims asserted against the Underwriter Defendants.

Dated: New York, New York
January 10, 2020

ROPES & GRAY LLP

By: /s/ Gregg L. Weiner
Gregg L. Weiner
Christopher Thomas Brown
Matthew P. Hendrickson
1211 Avenue of the Americas
New York, New York 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090
gregg.weiner@ropesgray.com
thomas.brown@ropesgray.com
matthew.hendrickson@ropesgray.com

*Attorneys for Morgan Stanley & Co., LLC, Citigroup Global Markets, Inc., UBS Securities LLC, RBC Capital Markets, LLC, and Keefe, Bruyette & Woods, Inc.*