UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re AMTRUST FINANCIAL SERVICES, INC. SECURITIES LITIGATION | Civil Action No. 1:17-cv-01545-LAK |
| | CLASS ACTION |
| This Document Relates To: | |
| ALL ACTIONS. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS THE THIRD CONSOLIDATED AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................1

II. STATEMENT OF FACTS ....................3

III. ARGUMENT ....................5

A. The TAC Adequately Pleads §11 and §12(a)(2) Claims Against the Underwriter Defendants ....................5

1. The Underwriter Defendants Are Liable for the Admitted Misstatements of Material Fact in the Offering Materials ....................6

2. Plaintiffs Have Adequately Alleged They Are Statutory Purchasers with Standing to Assert Their §12(a)(2) Claims Against the Underwriter Defendants ....................7

IV. CONCLUSION ....................9

# TABLE OF AUTHORITIES

**Page**

## CASES

*Griffin v. PaineWebber, Inc.*,
2001 WL 740764
(S.D.N.Y. June 29, 2001)....................7, 8

*In re APAC Teleservices, Inc. Sec. Litig.*,
1999 WL 1052004
(S.D.N.Y. Nov. 19, 1999)....................5

*In re CitiGroup Inc. Bond Litig.*,
723 F. Supp. 2d 568 (S.D.N.Y. 2010)....................7

*In re iDreamSky Tech. Ltd. Sec. Litig*.,
236 F. Supp. 3d 824 (S.D.N.Y. 2017)....................7

*In re Lehman Bros. Sec. & ERISA Litig.*,
799 F. Supp. 2d 258 (S.D.N.Y. 2011)....................7, 8

*In re MF Glob. Holdings Ltd. Sec. Litig*.,
982 F. Supp. 2d 277 (S.D.N.Y. 2013)....................7, 8

*In re WorldCom, Inc. Sec. Litig*.,
346 F. Supp. 2d 628 (S.D.N.Y. 2004)....................5, 6

*Loreley Fin. (Jersey) No. 3 Ltd v. Wells Fargo Secs., LLC*,
797 F.3d 160 (2d Cir. 2015)....................9

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
§77k....................1, 5, 6
§77k(a)(5)....................5
§77l(a)(2)....................*passim*
§77o....................1

Federal Rules of Civil Procedure
Rule 12(b)(6)....................5

Plaintiffs Sharon Albano ("Albano"), Jupiter Capital Management ("Jupiter Capital"), Irving Lichtman Revocable Living Trust ("ILRLT"), and Stanley Newmark ("Newmark") (collectively, "Plaintiffs") respectfully submit this memorandum of law in opposition to the motion to dismiss the Third Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "TAC") of defendants Citigroup Global Markets Inc. ("Citigroup"), Keefe, Bruyette & Woods, Inc. ("KBW"), Morgan Stanley & Co. LLC ("Morgan Stanley"), RBC Capital Markets, LLC ("RBC"), and UBS Securities LLC ("UBS") (collectively, the "Underwriter Defendants").[1]

## I. INTRODUCTION

Plaintiffs assert, *inter alia*, negligence claims against the Underwriter Defendants under the Securities Act of 1933, 15 U.S.C. §§77k, 77l(a)(2) and 77o (the "Securities Act"), in connection with defendant AmTrust Financial Services, Inc.'s ("AmTrust" or the "Company") explicit admission of material accounting and internal-control misstatements.[2] As the new substantive allegations in the TAC addressing the Court's September 9, 2019 Memorandum Opinion (ECF No. 161; the "9/9/19 Opinion") make clear, these misstatements were untrue statements of *fact* – not opinion – concerning, *e.g.*, accounting for warranty contract revenue, accrued compensation expense, deferred acquisition costs, software development costs, and representations regarding purported compliance with generally accepted accounting principles ("GAAP").

---

[1] All references to "¶__" and "¶¶__" refer to paragraphs in the TAC (ECF No. 172). All emphasis in quoted material is added and all internal citations, quotation marks, and footnotes are omitted unless otherwise noted. "Und. Def. Mem." or the "Motion" refers to the Memorandum of Law in Support of Underwriter Defendants' Motion to Dismiss the Third Amended Complaint (ECF No. 188).

[2] Lead plaintiff New England Carpenters Guaranteed Annuity and Pension Funds does not assert Securities Act claims against the Underwriter Defendants.

The Underwriter Defendants assert two remaining arguments they claim merit dismissal: (1) that Plaintiffs have failed to plead *any* material misstatement of fact because the accounting misstatements alleged in the TAC are "non-actionable statements of opinion rooted in technical accounting judgments," or are otherwise not material to AmTrust's financial results (Und. Def. Mem. at 1-2, 7); and (2) that Plaintiffs do not have standing to assert their §12(a)(2) claims against certain of the Underwriter Defendants.[3] *Id*. at 2, 8-9. Neither argument warrants dismissal.

*First*, as set forth in detail in the AmTrust Opp. (§II.B) and BDO Opp. (§I.B),[4] the TAC establishes that AmTrust's financial statements were the product of accounting methodologies that were not permissible under GAAP, and/or were violations of AmTrust's publicly stated accounting policies, and thus constitute misstatements of fact. In other words, the TAC demonstrates that AmTrust's accounting misstatements were *not* due to errors in judgment in selecting among differing generally accepted accounting principles, as the Underwriter Defendants argue. Additionally, the TAC establishes that the various accounting improprieties alleged in the TAC rendered representations about AmTrust's operations and financial performance relating to AmTrust's financial statements materially inaccurate.

*Second*, the Underwriter Defendants' argument that Plaintiffs lack standing to assert their §12(a)(2) claims is limited to Plaintiffs' claims against three defendants who acted as underwriters in the September 2016 Offering (defined below) – Morgan Stanley, UBS, and KBW. *See* Und. Def. Mem. at 8-9. The Underwriter Defendants do not challenge Plaintiffs' standing to assert

---

[3] In light of the Court's January 4, 2019 Order (ECF No. 152), the Underwriter Defendants' Motion omitted the extensive argument made in their prior motions to dismiss that the Underwriter Defendants' affirmative defenses of due diligence and reasonable reliance are established on the face of the complaint.

[4] The "AmTrust Opp." refers to Plaintiffs' Memorandum of Law in Opposition to the AmTrust and Director Defendants' Motion to Dismiss the Third Consolidated Amended Complaint, filed herewith. The "BDO Opp." refers to Plaintiffs' Memorandum of Law in Opposition to BDO USA, LLP's Motion to Dismiss the Consolidated Third Amended Complaint, also filed herewith.

claims against Citigroup and Morgan Stanley regarding the November 2015 Offering (defined below), nor do they challenge Plaintiffs' standing for the September 2016 Offering as to RBC. *See id*. And the Underwriter Defendants' assertion that Plaintiffs' lack standing to assert §12(a)(2) claims against Morgan Stanley, KBW, and UBS regarding the September 2016 Offering is misplaced given that Plaintiffs have each alleged that they purchased AmTrust securities pursuant to the offering documents.

Accordingly, given the well-pled allegations in the TAC, and as further detailed below and in the AmTrust Opp. and BDO Opp., the Underwriter Defendants' Motion should be denied in its entirety.

## II. STATEMENT OF FACTS[5]

AmTrust is a publicly traded specialty property and casualty insurer whose products include workers' compensation, commercial automobile insurance, general liability, and extended service and warranty coverage. ¶24. The Company operates in the U.S., Bermuda, and Europe, and divides its business operations into three reportable divisions: (1) Small Commercial Business; (2) Specialty Risk and Extended Warranty; and (3) Specialty Program. ¶51.

Plaintiffs' claims under the Securities Act focus on two offerings made pursuant to a registration statement filed by AmTrust with the U.S. Securities and Exchange Commission on June 11, 2015 (the "2015 Registration Statement"). ¶¶25-26, 30-34, 181. The two offerings in question were: (1) a $320 million offering of AmTrust common stock in November 2015 (the "November 2015 Offering") (¶183); and (2) a $287.5 million offering of depositary shares

[5] Plaintiffs recite the facts most relevant to the Underwriter Defendants herein. If the Court wishes to consult a more complete recitation of Plaintiffs' factual allegations, Plaintiffs respectfully refer the Court to the Statement of Facts from Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Consolidated Second Amended Complaint (the "Omnibus Opposition"). *See* ECF No. 153 at 4-15.

representing an interest in Series F preferred stock in September 2016 (the "September 2016 Offering"). ¶186.[6] Each of the Underwriter Defendants acted as an underwriter in one or both of the two offerings at issue in the TAC. Specifically, defendant Morgan Stanley acted as an underwriter in connection with both the November 2015 Offering and the September 2016 Offering. ¶38. Defendant Citigroup acted as an underwriter in connection with the November 2015 Offering. ¶36. Defendants KBW, RBC, and UBS acted as underwriters in connection with the September 2016 Offering. ¶¶37, 39, 40.

The TAC alleges that when AmTrust filed its annual report on Form 10-K on April 4, 2017, it restated its prior financial results over the five-year period from 2012 through 2016, including each interim period in 2015 and 2016 (the "Restatement"). ¶90. AmTrust directed that the financial statements in question, including any associated earnings and press releases, "should no longer be relied upon." ¶¶2-4, 85-86. The Restatement: (1) admitted GAAP violations in eight different categories (¶176); (2) admitted that the Company's internal controls over financial reporting were riddled with "material weaknesses" (¶¶9-10, 78, 92), despite its prior representations to the contrary, and that its disclosure controls were "ineffective" (¶¶170-180); and (3) admitted that its misstatements and violations of GAAP were "material." ¶¶155-169. These admitted, material misstatements were incorporated by reference into the Offering Materials for AmTrust's two public offerings at issue in this lawsuit.

Plaintiffs each submitted certifications evidencing their purchase of AmTrust common stock or Series F preferred stock. *See* ¶¶20-23; ECF No. 12-3 (certification of plaintiff Albano); ECF No. 25-2 at 2-4 (certification of plaintiff Jupiter Capital); *id.* at 7-9 (certification of plaintiff

---

6 The 2015 Registration Statement, along with the November 10, 2015 preliminary prospectus, November 12, 2015 prospectus supplement, September 20, 2016 preliminary prospectus supplement, and September 21, 2016 prospectus supplement are referred to as the "Offering Materials."

ILRLT); ECF No. 15-1 (certification of plaintiff Newmark). Plaintiff Albano purchased shares in and traceable to the November 2015 Offering directly from defendant Morgan Stanley. ¶20. Plaintiff Jupiter Capital purchased AmTrust securities on the open market and pursuant and/or traceable to the November 2015 Offering directly from defendant Citigroup. ¶21. Plaintiff ILRLT purchased shares in and traceable to the September 2016 Offering directly from RBC. ¶22. And Plaintiff Newmark purchased AmTrust securities on the open market and/or traceable to the September 2016 Offering. ¶23.

## III. ARGUMENT

### A. The TAC Adequately Pleads §11 and §12(a)(2) Claims Against the Underwriter Defendants[7]

Section 11 explicitly makes liable "every underwriter with respect to such security" issued pursuant to a registration statement containing a material misstatement or omission. 15 U.S.C. §77k(a)(5). Because underwriters hold "a unique position that enable[s] them to discover and compel disclosure of essential facts about the offering," §11 obligates them to conduct a "careful investigation" and independent verification of the company's representations. *In re WorldCom, Inc. Sec. Litig*., 346 F. Supp. 2d 628, 662 (S.D.N.Y. 2004). "As a consequence, courts must be particularly scrupulous in examining their conduct." *Id.*

Under §12(a)(2), "the term 'seller' is not restricted to those who pass title, but also includes the person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." *In re APAC Teleservices, Inc. Sec. Litig.*, 1999 WL 1052004, at *11 (S.D.N.Y. Nov. 19, 1999). Thus, underwriters may be liable under

[7] The legal standards for deciding Rule 12(b)(6) motions and the elements of claims under §§11 and 12(a)(2) are discussed in the AmTrust Opp. at §§I and II.A.

§12(a)(2) for selling a security or soliciting its purchase. *See, e.g.*, *WorldCom*, 346 F. Supp. 2d at 659-60.

**1. The Underwriter Defendants Are Liable for the Admitted Misstatements of Material Fact in the Offering Materials**

Echoing the AmTrust Defendants,[8] the Underwriter Defendants contend that Plaintiffs' Securities Act claims fail because they "have not adequately pled any material misstatement of fact because the two accounting changes driving AmTrust's restatement of its financial statements are non-actionable statements of opinion rooted in technical accounting judgments." Und. Def. Mem. at 1-2, 7. As explained in the AmTrust Opp. (§II.B) and BDO Opp. (§§I.B, II.B & II.C), and detailed in the TAC, however, the Offering Materials contained untrue statements of material fact, not opinion. Specifically, the statements in the Offering Materials included quantitative historical data that violated GAAP, inaccurately certified that the Company's internal controls over financial reporting were effective, and materially misstated the Company's financial results as to numerous income metrics. *See* ¶¶187-269. Indeed, the TAC specifically addresses the central pleading deficiencies identified by the Court in the 9/9/19 Opinion and further evinces that the relevant misstatements are in fact untrue statements of material fact. *See, e.g.*, ¶¶118, 120-124, 126-128, 132-135, 137, 142-143, 146-147, 247-248, 267.

Therefore, the Underwriter Defendants' assertion that Plaintiffs' §§11 and 12(a)(2) claims fail because they have not alleged actionable misstatements of material fact should be rejected and is otherwise contradicted by the extensive and well-pled allegations in the TAC.

---

[8] The "AmTrust Defendants" refers to defendants AmTrust, along with Barry D. Zyskind (AmTrust's President, CEO, and Chairman of the Board of Directors) and Ronald E. Pipoly, Jr. (AmTrust's former CFO and Executive Vice President).

### 2. Plaintiffs Have Adequately Alleged They Are Statutory Purchasers with Standing to Assert Their §12(a)(2) Claims Against the Underwriter Defendants

The Underwriter Defendants contend that Plaintiffs do not have standing to assert their §12(a)(2) claims against three of the six Underwriter Defendants – Morgan Stanley, UBS, and KBW – regarding the September 2016 Offering. *See* Und. Def. Mem. at 8-9. But they do not challenge Plaintiffs' standing as to the underwriters of the November 2015 Offering – Citigroup and Morgan Stanley – nor do they challenge Plaintiffs' standing for the September 2016 Offering as to RBC. *Id*. Therefore, at a minimum, given the Underwriter Defendants' concession, Plaintiffs have adequately alleged standing as to Citigroup, Morgan Stanley, and RBC. ¶¶20-22.

Additionally, the Underwriter Defendants' contention that Plaintiffs failed to plead §12 standing as to the underwriters of the September 2016 Offering, other than RBC, rings hollow. "To have standing against an underwriter, a plaintiff must allege that he purchased securities pursuant to the pertinent offering documents." *In re MF Glob. Holdings Ltd. Sec. Litig*., 982 F. Supp. 2d 277, 323 (S.D.N.Y. 2013) (quoting *In re Lehman Bros. Sec. & ERISA Litig.*, 799 F. Supp. 2d 258, 310 (S.D.N.Y. 2011)). Notably, at the pleading stage, plaintiffs are "not *required*" to allege they "purchased certain securities directly from certain underwriters." *Id*. at 324 (emphasis in original); *see also In re iDreamSky Tech. Ltd. Sec. Litig*., 236 F. Supp. 3d 824, 832 (S.D.N.Y. 2017) ("Plaintiffs are not required to identify the specific defendant from whom they purchased the [securities], [] it is sufficient to allege that they purchased them in connection with the [offering]").[9] In other words, "[i]t is enough, at this stage, for Plaintiffs to allege that they

---

[9] The Underwriter Defendants cite *In re CitiGroup Inc. Bond Litigation*, 723 F. Supp. 2d 568 (S.D.N.Y. 2010), and *Griffin v. PaineWebber, Inc*., 2001 WL 740764 (S.D.N.Y. June 29, 2001), for the contention that Plaintiffs must allege particular purchases from particular underwriters. *See* Und. Def. Mem. at 8. But *CitiGroup* is inapposite because plaintiffs there, unlike those here, failed to identify "which plaintiffs bought which securities" and "to expressly state which plaintiffs purchased securities in which offerings." 723 F. Supp. 2d at 585. Moreover, the Underwriter Defendants' citation to *Griffin* is both misleading and inconsistent with their contention because: (1) the court was referencing the underwriter's *argument*, not its opinion, in the quoted passage; and (2) the opinion actually supports

purchased securities 'in' or 'pursuant to' the relevant offerings." *MF Glob.*, 982 F. Supp. 2d at 324 (quoting *Lehman Bros.*, 799 F. Supp. 2d at 310-11).

Thus, in *Lehman Bros.*, this Court rejected an underwriter's standing argument when plaintiffs alleged the dates and amounts of securities purchased and that their §12(a)(2) claims were "brought on behalf of all persons and entities who purchased or otherwise acquired the Lehman/UBS Structured Products *pursuant to* the materially untrue and misleading structured Note Offering Materials." 799 F. Supp. 2d at 311. Similarly, in *MF Global*, the court found allegations that named plaintiffs "purchased or otherwise acquired" notes "*in*" specified offerings "sufficient to establish standing against the Underwriters and the Senior Notes Underwriters" for the purposes of withstanding a motion to dismiss. 982 F. Supp. 2d at 323 (emphasis in original).

Here, plaintiffs Albano, Jupiter Capital, ILRLT, and Newmark have alleged their §12(a)(2) claims on their own behalf and on behalf of "other members of the Securities Act Class who purchased AmTrust common stock and/or Series F Depositary Shares *pursuant to* the Prospectuses." ¶285; *see also* ¶283 ("Defendants AmTrust, and the Underwriter Defendants owed Plaintiffs Albano, Jupiter Capital, ILRLT and Newmark and the other members of the Securities Act Class who purchased AmTrust common stock or Series F Depositary Shares *pursuant to* the Prospectuses the duty to make a reasonable and diligent investigation . . . ."). Moreover, ILRLT, which "purchased shares *in* and traceable to the September 2016 Series F Preferred Stock Offering," and Newmark, who "purchased AmTrust securities on the open market and/or traceable to the September 2016 Series F Preferred Stock Offering," submitted certifications specifying the type, quantity, price per share, and dates of each of their purchases. ¶¶22-23 (referencing

Plaintiffs' position, as it agrees with an earlier ruling "finding that a complaint *does not need to specify which plaintiffs bought Livent securities from [the underwriter]* or to provide details of the purchase in order to establish that [the underwriter] was a statutory seller." 2001 WL 740764, at *2.

certifications filed with the Court (ECF Nos. 15-1 and 25-2) and incorporated by reference into the TAC).

Therefore, Plaintiffs have adequately established standing under §12(a)(2) for purposes of defeating the Underwriter Defendants' motion to dismiss. And because Plaintiffs adequately alleged that the prospectuses contained untrue statements and omissions of material fact as detailed above and in the AmTrust Opp. and BDO Opp., the Underwriter Defendants' Motion seeking to dismiss the §12(a)(2) claims should be rejected.

## IV. CONCLUSION

Plaintiffs' TAC adequately alleges the Offering Materials contained untrue statements of material fact, not opinion. Moreover, because Plaintiffs purchased AmTrust securities pursuant to the relevant Offering Materials – all that is required at this stage – the Underwriter Defendants' contention that Plaintiffs do not have standing to assert their §12(a)(2) claims against Morgan Stanley, UBS, and KBW regarding the September 2016 Offering is misplaced. Accordingly, the Underwriter Defendants' Motion should be denied in its entirety.[10]

DATED: February 13, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARK T. MILLKEY
VINCENT M. SERRA
WILLIAM J. GEDDISH
AVITAL O. MALINA
ROBERT D. GERSON

*/s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

10 Should the Court determine that any part of the TAC is deficient, Plaintiffs respectfully request leave to amend. *See Loreley Fin. (Jersey) No. 3 Ltd v. Wells Fargo Secs., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (reaffirming "liberal standard" of Rule 15).

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
mmillkey@rgrdlaw.com
vserra@rgrdlaw.com
wgeddish@rgrdlaw.com
amalina@rgrdlaw.com
rgerson@rgrdlaw.com

*Lead Counsel for Plaintiff*

POMERANTZ LLP
JEREMY A. LIEBERMAN
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: 212/661-1100
212/661-8665 (fax)
jalieberman@pomlaw.com

GAINEY MCKENNA & EGLESTON
THOMAS J. McKENNA
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: 212/983-1300
212/983-0383 (fax)
tjmckenna@gme-law.com

KAHN SWICK & FOTI, LLC
KIM E. MILLER
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: 212/696-3730
504/455-1498 (fax)

*Additional Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 13, 2020, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com