UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

AMTRUST FINANCIAL SERVICES, INC.
SECURITIES LITIGATION                                              17-cv-1545 (LAK)

This document applies to:     ALL ACTIONS.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

> Samuel H. Rudman
> David A. Rosenfeld
> Mark. T. Millkey
> Vincent M. Serra
> William J. Geddish
> Avital O. Malina
> Robert D. Gerson
> ROBBINS GELLER RUDMAN & DOWD LLP
> *Lead Counsel for Plaintiffs*

> Jeremy A. Lieberman
> POMERANTZ LLP

> Thomas J. McKenna
> GAINEY MCKENNA & EGLESTON

> Kim E. Miller
> KAHN SWICK & FOTI, LLC

> *Additional Counsel for Plaintiffs*

> Timothy E. Hoeffner
> Jason D. Gerstein
> Ludwig von Rigal
> MCDERMOTT WILL & EMORY LLP
> *Attorneys for Defendant BDO USA, LLP*

Steven M. Farina
George A. Borden
Amanda M. MacDonald
WILLIAMS & CONNOLLY LLP
*Attorneys for Defendants AmTrust Financial Services, Inc.,*
*Barry D. Zyskind, Ronald E. Pipoly, Jr., Donald T. DeCarlo,*
*Susan C. Fisch, Abraham Gulkowitz, George Karfunkel, and*
*Jay J. Miller*

Gregg L. Weiner
Christopher Thomas Brown
Matthew P. Hendrickson
ROPES & GRAY LLP
*Attorneys for Defendants Morgan Stanley & Co., LLC,*
*Citigroup Global Markets, Inc., UBS Securities LLC, RBC*
*Capital Markets, LLC, and Keefe, Bruyette & Woods, Inc.*

LEWIS A. KAPLAN, *District Judge.*

   Plaintiffs in this putative class action were shareholders of AmTrust Financial

Services, Inc. ("AmTrust") during the relevant period.  Their third amended complaint alleges that

AmTrust, its current and former officers and directors, its former auditor, and certain underwriters

of its securities violated several provisions of the Securities Act of 1933 and the Securities Exchange

Act of 1934 and Rule 10b-5 promulgated thereunder.  In a thorough opinion, familiarity with which

is assumed, the Court granted defendants' motions to dismiss the second amended complaint for

failure to state a claim.[1]  Defendants now move to dismiss the third amended complaint.

   In dismissing the second amended complaint, the Court observed that many of

plaintiffs' allegations followed the same pattern: (1) defendants made certain assertions about

AmTrust's financial results and condition, many of which were or concerned numbers in AmTrust's

---

[1]    Dkt. 18 (reported at *In re AmTrust Fin. Servs., Inc. Sec. Litig.*, No. 17-cv-1545 (LAK), 2019 WL
4257110 (S.D.N.Y. Sept. 9, 2019)).

financial statements; (2) AmTrust later restated its financial statements after changing the accounting treatment of certain aspects of its operations; and (3) the accounting standards employed in preparing the old financial statements therefore must have been impermissible. Accordingly, plaintiffs argue, certain of the figures that appeared in the earlier financial statements and statements about them had to have been misstatements of fact.

As the Court previously explained, plaintiffs' proposed conclusion does not necessarily follow from their first two propositions. Often, the questions of which accounting principle applies and how it applies call for subjective judgment by the issuer or its auditor. To plead that AmTrust's original numbers were statements of fact, rather than opinions of AmTrust and/or its auditor, plaintiffs would have had to allege plausibly that a given accounting standard objectively was the only correct standard to apply to the topic at issue and that it applied in an objective and singular way. If two or more standards could have applied to a topic, or the applicable standard called for subjective judgments, the accounting output – the figures on a balance sheet or statement of operations – would have been statements of opinion and subject to a different analysis with respect to falsity.

Applying this logic, the Court concluded that plaintiffs' allegations were based primarily on statements of opinion and that plaintiffs had not plausibly alleged that those opinions were false or misleading. In the few instances where plaintiffs plausibly had alleged a misstatement, either of fact or opinion, the Court held that they had failed to allege facts sufficient to permit a conclusion that the misstatement was material. The Court held also that certain statements at issue were inactionable puffery and therefore did not provide a basis for certain Exchange Act Claims.

The third amended complaint does not correct, and largely does not attempt to correct, the defects identified in the Court's prior opinion. It accordingly is dismissed, but a few particular points warrant attention.

1. The first significant addition to the third amended complaint is a catchall theory of liability. The theory is that Accounting Standards Codification ("ASC") Topic 250 and an SEC regulation establish a certain process for reporting a change in accounting principles. Plaintiffs suggest that AmTrust's alleged decision not to follow this process must mean that it restated its financials because it previously had used impermissible accounting methodologies. Plaintiffs thus would have the Court conclude that all the statements at issue must be statements of fact rather than products of subjective accounting standards and thus essentially opinions.

In effect, plaintiffs are attempting to show that the statements were inaccurate by alleging that defendants believed they were inaccurate. This is no different than arguing that the Earth is flat by alleging that defendants believed it was flat. Perhaps defendants' supposed belief was wrong. Or perhaps they failed for other reasons to take the procedural steps that plaintiffs allege they were required to take. Moreover, even if defendants' beliefs were relevant, the Court explained in its previous opinion that plaintiffs' proposed inference that AmTrust's accounting standards were objectively impermissible simply because the restatements applied different standards is unwarranted.[2]

2. With respect to warranty contract revenue reporting, plaintiffs once again have not alleged adequately that Topic 605's straight-line reporting rule was the only permissible

---

[2]
       AmTrust's supposed admissions that its prior accounting was improper form the basis of many of plaintiffs' arguments in response to the motions to dismiss. The Court rejects these arguments for the same reasons noted here and in its prior opinion.

5

standard and that defendants failed to apply it.  They note that Topic 605 requires that "revenue from separately priced extended warranty and product maintenance contracts shall be deferred and recognized in income on a straight-line basis over the contract period."  But, as they concede, Topic 605 permits other methods of revenue recognition where "sufficient historical evidence indicates that the costs of performing services under the contract are incurred on [another] basis."  The Court noted previously that if this exception could apply, plaintiffs would be unable to show that Topic 605 set forth an objective standard that AmTrust failed to follow.  And plaintiffs fail to allege facts sufficient to warrant a conclusion that the straight-line basis, and only the straight-line basis, was required.

Plaintiffs argue that, because AmTrust's restated financials employed the straight-line method, no "sufficient historical evidence" could have existed to permit its previous use of a different method of revenue recognition, and, thus, accounting for this revenue involved no subjective judgments.  The Court repeatedly has explained why this argument is unpersuasive.  The word "sufficient" inherently requires a subjective judgment as to whether the exception applies.  Plaintiffs have not alleged otherwise by pleading that any objective standard informs the determination of whether historical evidence is sufficient.[3]

*3.*     The next issue is AmTrust's accounting for discretionary bonuses.  AmTrust initially expensed discretionary bonuses in the year in which they were paid because it did not consider the bonus payments to be "probable" until that time.  In its restated statements, however,

---

[3]      In addition, Plaintiffs have failed again to engage with the multiple-element revenue recognition section of Topic 605, which the Court found in the prior opinion leaves also room for discretion on these facts.  *See* Dkt. 18 at 41-42 & n.182.

it chose instead to estimate the bonuses as expenses in periods prior to those in which they were paid.

The Court previously expressed skepticism that any single ASC Topic set an objective standard for accounting for discretionary bonuses and observed that ASC Topics 270, 450, and 710 appear to bear on the issue.[4]  However, the Court ultimately concluded that plaintiffs had failed to state a claim on the simpler ground that they did not discuss the interaction among those three topics or assert that the application of any one standard objectively was required here.

The third amended complaint contains additional descriptions of Topics 270 and 450. Like its predecessor, it says virtually nothing about Topic 710.  Rather than explain in any detail how these standards apply or whether any one objective standard governs here, plaintiffs cobble the topics together and suggest merely that they are consistent with each other.  Plaintiffs' theory is that because the discretionary bonuses here were "earned" prior to being paid – an assumption that they appear to base entirely on the fact of AmTrust's restatements – AmTrust was required to apply Topics 450-10-55 and 270, as well as what the complaint calls, without additional detail, "the guidance set forth in ASC Topic 710."[5]

Plaintiffs have not corrected the problems that resulted in the dismissal of their prior complaint.  But even if the vaguely described trinity of accounting topics that they mention were taken as one standard, plaintiffs have not adequately alleged that defendants misapplied it.  ASC Topic 450-10-55, which plaintiffs spend the most time discussing, applies to "amounts owed for services received, such as advertising and utilities."  It requires the expensing of payments for such

---

[4]

 *Id.* at 46 n.191.

[5]

 Third Amended Complaint ¶ 136.

items when they are "earned" because, at that point, "there is nothing uncertain about the fact that those obligations have been incurred." As noted above, AmTrust's original accountants determined that discretionary bonus paaments were not "probable" until they were paid. Viewed this way, and assuming as plaintiffs do that Topic 450-10-55 applies here, the accounting for discretionary bonus payments turned on an opinion over whether and when they were "earned." Plaintiffs fail to explain why defendants' opinion was impermissible or how this standard is objective. They simply repeat their conclusory mantra, rejected already, that because AmTrust applied a different standard in its restated filings, the original standard must have been impermissible.

> 4. Next, plaintiffs have failed to correct the defects in their claim that AmTrust made a material misstatement surrounding its deferred acquisition costs. Previously, the Court concluded that most of these statements were opinions and held that plaintiffs had failed to plead that ASC Topic 944, which they cited, objectively applied to the accounting issues. The Court concluded also that plaintiffs did not allege that AmTrust failed to apply Topic 944, that it did not disclose that it had selected a different guidance, or that it applied Topic 944 incorrectly. The only material addition to the third amended complaint is an allegation that AmTrust's accounting was "consistent with the guidance set forth in GAAP, specifically in ASC Topic No. 944."[6] But this is not the same as alleging that AmTrust actually applied Topic 944 or that any particular topic applies objectively to the issues at hand. Plaintiffs fail to make these allegations once again.

---

[6]

   *Id.* ¶ 140.

   In several places using identical language, the third amended complaint states in conclusory fashion that AmTrust violated GAAP through "the improper reporting of deferred acquisition costs, in violation its own publicly stated policy of accounting and ASC Topic No. 944." *Id.* ¶ 194(c); *see also id.* ¶¶ 350, 360(c), 504. This statement and the "consistent with" language are the only discussion of Topic 944 in the third amended complaint.

8

The Court recognized previously that some of the other statements surrounding deferred acquisition costs plausibly were false or misleading.  But it found that plaintiffs had failed sufficiently to plead that any of these alleged misstatements was material, which it suggested they could do by plausibly alleging that the statements meaningfully affected AmTrust's reported income and/or financial condition.  Plaintiffs have not pled additional facts in support of materiality.

* * *

Plaintiffs either have not attempted to fix the remaining allegations or have failed to support them with additional factual allegations.  These allegations are insufficient for the same reasons outlined in the Court's previous opinion.

Defendants' motions to dismiss [DI 183, 185, 187] are granted.  The third amended complaint [DI 172] is dismissed with prejudice.

SO ORDERED.

Dated:        April 20, 2020

_____
Lewis A. Kaplan
United States District Judge