UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re AMTRUST FINANCIAL SERVICES, INC. SECURITIES LITIGATION : : : This Document Relates To: : : ALL ACTIONS. : : | Civil Action No. 1:17-cv-01545-LAK <br><br> <u>CLASS ACTION</u> |

# [PROPOSED] JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Lead Plaintiff North Atlantic States Carpenters Guaranteed Annuity and Pension Funds ("Lead Plaintiff") and plaintiffs Sharon Albano, Jupiter Capital Management, Irving Lichtman Revocable Living Trust, and Stanley Newmark (collectively with Lead Plaintiff, "Plaintiffs")[1], together with defendants AmTrust Financial Services, Inc. ("AmTrust" or the "Company"), the Individual Defendants[2] (together with AmTrust, the "AmTrust Defendants"), the Underwriter Defendants[3] and BDO USA, LLP ("BDO") (together with the AmTrust Defendants and the Underwriter Defendants ("Defendants")), respectfully submit this [Proposed] Joint Rule 26(f) Report and Discovery Plan for the Court's review and approval. The following chart sets forth the parties' proposals for a

---

[1] Counsel recently learned that Mr. Newmark has passed away, and will be filing a Suggestion of Death.

[2] The "Individual Defendants" are Barry D. Zyskind, Ronald E. Pipoly, Jr., Donald T. DeCarlo, Susan C. Fisch, Abraham Gulkowitz, George Karfunkel, and Jay J. Miller. Counsel recently learned that Mr. Pipoly, Jr. has passed away, and are filing a Suggestion of Death.

[3] The "Underwriter Defendants" are Citigroup Global Markets Inc., Keefe, Bruyette & Woods, Inc., Morgan Stanley & Co. LLC, RBC Capital Markets, LLC, and UBS Securities LLC.

pre-trial schedule (the "Schedule"), with additional detail for particular aspects of the Schedule provided below. The Rule 16 Conference for this case has not yet been scheduled by the Court.

| EVENT | DEADLINE |
|---|---|
| Exchange of Initial Fed. R. Civ. P. 26 Disclosures | February 13, 2025 |
| Initial Discovery Requests | February 27, 2025 |
| Answers to Third Consolidated Amended Complaint | March 17, 2025 |
| Fed. R. Civ. P. 16 Conference | To be set by the Court |
| Responses and Objections to Initial Discovery Requests | March 27, 2025 |
| Parties to Substantially Complete Document Productions | August 29, 2025 |
| Class Certification Motion (including expert reports, if any) | September 18, 2025 |
| Parties to Complete Document Productions | October 30, 2025 |
| Class Certification Opposition (including expert reports, if any) | November 18, 2025 |
| Produce Privilege and Redaction Logs | November 21, 2025 |
| Class Certification Reply | January 22, 2026 |
| Class Certification Hearing | To be set by the Court |
| Service of all Interrogatories, Requests for Admissions and Requests for Production | March 18, 2026 |
| Amend Pleadings and/or Join Additional Parties Without Leave of Court | March 25, 2026 |
| Fact Discovery Cutoff | June 25, 2026 |
| Identification of Experts | July 17, 2026 |
| Serve Expert Reports | 60 days after Fact Discovery Cutoff |
| Serve Rebuttal Expert Reports | 60 days after Deadline to Serve Expert Reports |
| Expert Discovery Cutoff | 30 days after Deadline to Serve Rebuttal Expert Reports |
| File Dispositive Motion(s) | 60 days after Expert Discovery Cutoff |
| Opposition(s) to Dispositive Motion(s) | 45 days after Deadline to File Dispositive Motion(s) |
| Reply in Support of Dispositive Motion(s) | 30 days after Opposition(s) to Dispositive Motion(s) |
| Designate Potential Trial Witnesses and Proposed Exhibits | 45 days before the Final Pretrial Conference |
| Joint Set of Jury Instructions | 45 days before the Final Pretrial Conference |

| EVENT | DEADLINE |
|---|---|
| Final Pretrial Conference | To be set by the Court |
| Proposed Trial Date | To be set by the Court |

**I.       THE SCOPE OF DISCOVERY**

The parties anticipate discovery on a number of issues, including the claims pled in the Third Consolidated Amended Complaint (ECF No. 172) that were not dismissed, class certification, any damages or other remedies sought, and any claims or defenses pled in Defendants' answers.  Plaintiffs also anticipate potential third-party discovery, including, but not limited to, potential discovery from current and/or former employees of: (i) AmTrust; (ii) each of the Underwriter Defendants; and (iii) BDO, as well as market analysts and/or government agencies.  All parties reserve their rights to object to any requests for discovery.  The parties further agree that discovery should not be conducted in phases.

**II.      THE SCHEDULE**

     **A.       Depositions**

Plaintiffs' Position: Given the complexity of this action, the number of Defendants, and the likely number of third-party witnesses, Plaintiffs believe the default number of fact depositions imposed by the federal rules should be increased to a maximum of 40 per side (plus experts).  The default set by the federal rules is designed and intended for typical, two-party actions, not complex securities class actions like this.  In this case, there are 14 named Defendants, subject to varying causes of action, all with potentially unique defenses.  There are also numerous government agencies and analysts, as well as current and/or former employees of AmTrust, BDO, and the Underwriter Defendants likely to have relevant information going to the heart of this action.  Those categories alone could warrant 40 depositions.

Defendants' Position:  Defendants believe that 40 fact depositions per side is excessive, particularly given the fact that the claims have been substantially narrowed by this Court and, in turn, the Second Circuit.  Defendants propose a limit of 20 fact depositions per side.

### B. Interrogatories

The parties agree that Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.3 shall govern the number and scope of interrogatories in this action.  As permitted by the Federal Rules of Civil Procedure, additional interrogatories may be granted by further order of the Court or by stipulation.

### C. Document Production

The parties agree that documents shall be produced on a rolling basis.  The parties further agree that privilege logs shall be served no later than 30 days after the date of completion of document production.

### D. End of Fact Discovery

The parties agree that all discovery requests, except contention interrogatories (which may be served after the conclusion of fact discovery), shall be served on any party or non-party at least 30 days before the end of fact discovery.

### E. Expert Witness Disclosure and Discovery

As set forth in the Schedule, the parties agree that expert witness disclosure and discovery deadlines should be tied to the end of fact discovery.

### F. Dispositive Motion Deadline

Dispositive motions and supporting materials will be filed no later than 60 days after the end of expert discovery.

### III. ELECTRONICALLY STORED INFORMATION

The parties anticipate agreeing to an appropriate searchable format and production protocol in connection with discovery of electronically stored information ("ESI").

### IV. CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER

The parties believe that a stipulated protective order should be entered to govern the exchange of confidential information in this action. The parties agree to meet and confer to reach an agreement on the scope of a proposed stipulated protective order for submission to the Court.

### V. SERVICE OF PAPERS

The parties agree to serve and receive case-related documents and correspondence, including discovery requests and responses and documents filed with the Court, via electronic mail; provided, however, that the parties may agree in writing to utilize an alternate form of service without further order of the Court.

### VI. AMENDMENTS TO THIS DISCOVERY PLAN

The parties may jointly agree to modify the deadlines set forth herein by written agreement unless the modification alters a filing deadline with the Court, in which case Court approval is required.

DATED: January 27, 2025

| | |
|---|---|
| WILLIAMS & CONNOLLY LLP<br>STEVEN M. FARINA<br>AMANDA M. MACDONALD | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>SAMUEL H. RUDMAN<br>DAVID A. ROSENFELD<br>ROBERT D. GERSON |
| */s/ Steven M. Farina*<br>STEVEN M. FARINA | */s/ David A. Rosenfeld*<br>DAVID A. ROSENFELD |

| | |
|---|---|
| 680 Maine Avenue SW<br>Washington, DC  20024<br>Telephone:  202/434-5000<br>sfarina@wc.com<br>amacdonald@wc.com<br><br>*Counsel for the AmTrust Defendants* | 58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone:  631/367-7100<br>631/367-1173 (fax)<br>srudman@rgrdlaw.com<br>drosenfeld@rgrdlaw.com<br>rgerson@rgrdlaw.com<br><br>*Lead Counsel for Plaintiffs* |
| MCDERMOTT WILL<br>  & EMERY LLP<br>TIMOTHY E. HOEFFNER<br>JASON D. GERSTEIN<br>LUDWIG VON RIGAL<br><br>         */s/ Timothy E. Hoeffner*         <br>       TIMOTHY E. HOEFFNER<br><br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Telephone:  212/547-5400<br>212-547-5444 (fax)<br>thoeffner@mwe.com<br>jgerstein@mwe.com<br>lvonrigal@mwe.com<br><br>*Counsel for Defendant BDO* | POMERANTZ LLP<br>JEREMY A. LIEBERMAN<br>600 Third Avenue<br>20th Floor<br>New York, NY  10016<br>Telephone:  212/661-1100<br>212/661-8665 (fax)<br>jalieberman@pomlaw.com<br><br>GAINEY MCKENNA & EGLESTON<br>THOMAS J. McKENNA<br>501 Fifth Avenue, 19th Floor<br>New York, NY  10017<br>Telephone: 212/983-1300<br>212/983-0380 (fax)<br>tjmckenna@gme-law.com |
| ROPES & GRAY LLP<br>GREGG L. WEINER<br>CHRISTOPHER THOMAS BROWN<br><br><br><br>         */s/ Gregg L. Weiner*         <br>       GREGG L. WEINER<br><br>1211 Avenue of the Americas<br>New York, NY  10036-8704<br>Telephone:  212/596-9000<br>gregg.weiner@ropesgray.com<br>thomas.brown@ropesgray.com<br><br>*Counsel for the Underwriter Defendants* | KAHN SWICK & FOTI, LLC<br>KIM E. MILLER<br>250 Park Avenue, Suite 2040<br>New York, NY  10177<br>Telephone:  212/696-3730<br>504/455-1498 (fax)<br>kim.miller@ksfcounsel.com<br><br>*Additional Counsel for Plaintiffs* |

IT IS SO ORDERED.

DATED: _____  _____
THE HONORABLE LEWIS A KAPLAN
UNITED STATES DISTRICT JUDGE