UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/26

———————————————————————— x

In re AMTRUST FINANCIAL SERVICES,  :  Civil Action No. 1:17-cv-01545-LAK
INC. SECURITIES LITIGATION         :
                                   :  CLASS ACTION
———————————————————————————        :
                                   :
This Document Relates To:          :
                                   :
    ALL ACTIONS.                   :
                                   :
———————————————————————— x


[PROPOSED] ORDER REGARDING PROPOSED PARTIAL SETTLEMENT PURSUANT
TO FED. R. CIV. P. 23(e)(1) AND PERMITTING NOTICE TO THE CLASSES

WHEREAS, an action pending before this Court is captioned *In re AmTrust Financial Services, Inc. Securities Litigation*, No. 1:17-cv-01545-LAK (S.D.N.Y.) (the "Litigation");

WHEREAS, Plaintiffs having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order regarding the proposed Settlement, as documented in the Stipulation of Partial Settlement, dated June 8, 2026 (the "Stipulation") and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, the Court is familiar with and has reviewed the record in the Litigation and has reviewed the Stipulation, including the Exhibits attached thereto, and found good cause for entering the following Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has reviewed the Stipulation and in accordance with Fed. R. Civ. P. 23(e)(1) finds that the proposed Settlement warrants the issuance of notice of the proposed Settlement to Members of the Classes.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement against the Settling Defendants only, this Litigation is hereby certified as a class action on behalf of two subclasses: (a) the November 2015 Common Stock Subclass, defined as all purchasers of AmTrust common stock issued in and/or traceable to the public offering conducted on or about November 11, 2015, who were damaged thereby; and (b) the September 2016 Series F Preferred Stock Subclass, defined as all purchasers of AmTrust's 6.95% Non-Cumulative Preferred Stock, Series F ("Series F Preferred Stock"), issued in and/or traceable to AmTrust's public offering conducted on or about September 27, 2016, who were damaged thereby (the

- 1 -

Case 1:17-cv-01545-LAK   Document 298   Filed 06/08/26   Page 3 of 66

"Classes"). Excluded from the November 2015 Common Stock Subclass are the defendants named by that Subclass in the Third Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "TAC"), the officers and directors of AmTrust, at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which those defendants have or had a controlling interest. Excluded from the September 2016 Series F Preferred Stock Subclass are the defendants named by that Subclass in the TAC, the officers and directors of AmTrust, at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which those defendants have or had a controlling interest. Also excluded from the Classes is any Person who properly excludes himself, herself, itself, or themselves therefrom by submitting a valid and timely request for exclusion. For the avoidance of doubt, any "Investment Vehicle" shall not be excluded from the Classes. "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee-benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest, or as to which any Underwriter Defendant or any of its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity (other than where the Underwriter Defendant or any of its affiliates is a controlling owner or holds a controlling beneficial interest and only to the extent of such Underwriter Defendants' or its affiliates' ownership or interest).

3.    The Court finds for the purposes of this Settlement against the Settling Defendants only, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members in each Subclass is so numerous that joinder of all members is

impracticable; (b) there are questions of law and fact common to each of the Classes; (c) the claims of the class representatives are typical of the claims of the Subclass they seek to represent; (d) Class Representatives and Lead Counsel have and will fairly represent the interests of the Classes; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement of the Litigation against the Settlement Defendants only, Jupiter Capital Management is preliminarily certified as the Class Representative for the November 2015 Common Stock Subclass.  The Irving Lichtman Revocable Living Trust is preliminarily certified as the Class Representative for the September 2016 Series F Preferred Stock Subclass.  Lead Counsel, Robbins Geller Rudman & Dowd LLP, is preliminarily certified as Class Counsel for both Subclasses.

5.      Nothing herein shall be deemed to waive any arguments or challenges to Class Certification raised by non-settling defendant BDO U.S.A., P.C. with respect to the proposed BDO Subclass.

6.      A hearing shall be held before this Court on __Nov. 19__, 2026, at _10:00 a_.m. (the "Final Approval Hearing"), at the Daniel Patrick Moynihan United States Courthouse, United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21B, New York, NY 10007, to determine whether the proposed Settlement of the Litigation against the Settling Defendants on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Classes and should be approved by the Court; to determine whether a Judgment as provided in ¶1.10 of the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine the amount of attorneys' fees, costs, charges and

- 3 -

expenses that should be awarded to Lead Counsel; to determine any awards to Plaintiffs pursuant to the applicable provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); to hear any objections by Members of the Classes to: (i) the Settlement or Plan of Allocation, (ii) the award of attorneys' fees and expenses to Lead Counsel, and (iii) awards to Plaintiffs pursuant to the PSLRA; and to consider such other matters the Court deems appropriate. The Court may adjourn the Final Approval Hearing or decide to hold the Final Approval Hearing telephonically without further individual notice to the Classes.

7.      The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice"), Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice, and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Notice and Proof of Claim on the Settlement-designated website, substantially in the manner and form set forth in ¶8 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the PSLRA, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      The firm of Verita Global ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

(a)      AmTrust shall provide, or cause to be provided to the Claims Administrator, not later than seven (7) business days after entry by the Court of this Order, at no cost to Plaintiffs or the Classes, a list in electronic format, containing the names and addresses, and email addresses, if reasonably available, of purchasers of AmTrust common stock in and/or traceable to the November 2015 Common Stock Offering, and purchasers of AmTrust Series F Preferred Stock in and/or

- 4 -

traceable to the September 2016 Series F Preferred Stock Offering, as set forth in the records of AmTrust's transfer agent.

(b)     Not later than ~July 5~ 2026 (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-Class Mail (where an email address is unavailable) to all Members of the Classes who can be identified with reasonable effort, shall cause a copy of the Postcard Notice to be emailed or mailed to nominees, and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation, www.AmTrustSecuritiesLitigation.com.  For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses; and

(c)     not later than ~July 12~ 2026, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

9.     At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Settling Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who may be Members of the Classes as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Postcard Notice, to either forward copies of the Postcard Notice to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses or email addresses of the beneficial owners, and the Claims Administrator is ordered to send the Postcard Notice to those beneficial owners.  Nominees who elect to send the

- 5 -

Postcard Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that such mailing or emailing was competed as directed. Nominees shall retain the list of names, addresses, and email addresses for use in connection with any possible future notice to the Classes. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable expenses actually incurred in connection with the foregoing includes up to $0.03 per Postcard Notice mailed by the nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructing will be paid by the Settlement Fund.

11.     The form and content of the notice program described herein and the methods set forth herein for notifying the Classes of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

12.     All fees, costs, and expenses incurred in identifying and notifying Members of the Classes shall be paid from the Settlement Fund and in no event shall any of the Released Settling Defendant Parties bear any responsibility or liability for such fees, costs, or expenses.

13.     All Members of the Classes shall be bound by all determinations and judgments in the Litigation concerning the Settlement against the Settling Defendants, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Classes, regardless of

- 6 -

whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

14.     Members of the Classes who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _Oct. 7_, 2026. Any Member of the Classes who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Plaintiffs, Lead Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

15.     Any Member of the Classes may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

16.     Any Member of the Classes who wishes to exclude himself, herself, itself, or themselves from the appropriate Classes must request exclusion in writing within the time and in the manner set forth herein. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked or received no later than _Oct. 28_, 2026 (a date that is twenty-one (21) calendar days prior to the Final Approval Hearing). A Request for Exclusion must provide: (a) the name, address, email address, and

- 7 -

telephone number of the Person requesting exclusion; (b) a list identifying the dates and number of shares of AmTrust common stock purchased in and/or traceable to AmTrust's November 2015 Common Stock Offering, and/or AmTrust Series F Preferred Stock issued in and/or traceable to AmTrust's September 2016 Series F Preferred Stock Offering, and the price(s) paid for each such purchase and received for any sale(s); and (c) a statement that the Person wishes to be excluded from the Classes, signed by the person or entity requesting exclusion or an authorized representative. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Class Member who fails to timely request exclusion from the Classes in compliance with each of the provisions of this paragraph shall be: (a) deemed to have waived his, her, its, or their right to be excluded from the Classes; (b) barred from requesting exclusion from the Classes; (c) bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Classes; and (d) barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Settling Defendant Parties, as more fully described in the Stipulation and the Notice. Any Person who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Classes shall not be a Class Member, shall not be bound by the terms of the Settlement or any order or judgments in connection with the Settlement or the Litigation against the Settling Defendants, and shall not receive any payment out of the Net Settlement Fund.

17.    Lead Counsel or the Claims Administrator shall cause to be provided to Settling Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event later than three (3) calendar days from receipt thereof, and in any event, not less than fourteen (14) calendar days prior to the Final Approval Hearing and if received within fourteen (14) calendar days of the Final Approval Hearing, within 48 hours of receipt.

18.    Any Member of the Classes who does not request exclusion from the Classes may appear at the Final Approval Hearing and object if he, she, or it has any reason why the proposed Settlement of the Litigation against the Settling Defendants should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges and expenses should not be awarded or awards to Plaintiffs should not be awarded; provided, however, that no Member of the Classes or any other Person shall be heard at the Final Approval Hearing or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees, together with costs and expenses to be awarded to Lead Counsel or any awards to Plaintiffs, unless the Person objecting has filed said written objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mailed copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA  92101, Williams & Connolly LLP, Amanda M. MacDonald, 680 Maine Street SW, Washington, DC  20024, and Ropes & Gray LLP, Gregg L. Weiner, 1211 Avenue of the Americas, New York, NY  10036 no later than Oct. 28, 2026. Any Member of the Classes who does not make his, her, or its objection in

the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs, charges and expenses to Lead Counsel or Plaintiffs, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing. Members of the Classes do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

19.     Any objections, filings, and other submissions by an objecting Class Member must: (a) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (b) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring the Court's attention and whether the objection applies only to the objector, a specific subset of the Classes, or to the Classes as a whole; (c) include documents sufficient to prove membership in at least one of the Classes; and (d) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected, and include copies of any papers, briefs, or other documents upon which the objection is based.

20.     Any Member of the Classes who does not object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees, costs, charges and

expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order, and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

21.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.    All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees, costs, charges and expenses and awards to Plaintiffs shall be filed and served no later than *Oct. 14*, 2026, and any reply papers shall be filed and served no later than *Nov. 12*, 2026.

23.    The Released Settling Defendant Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

24.    At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved. The Court reserves the right to enter the Order and Final Judgment approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges and expenses.

25.    All reasonable expenses incurred in identifying and notifying Members of the Classes as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event

the Court does not approve the Settlement, or it otherwise fails to become effective, neither Plaintiffs, Lead Counsel, nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.11 or 2.13(c) of the Stipulation.

26.     Neither this Order nor the Stipulation, nor any of their respective terms or provisions, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order may be construed as an admission or concession by the Settling Defendants or any other Released Settling Defendant Party of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Settling Defendant Parties, Plaintiffs, Members of the Classes, and each of their counsel may file the Stipulation, and/or this Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

27.     All proceedings in the Litigation against the Settling Defendants only are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither the Plaintiffs nor any Member of the Classes, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Settling Defendant

- 12 -

Parties any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

28.     The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to Members of the Classes, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Classes.

29.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective litigation positions as of April 15, 2026.

IT IS SO ORDERED.

DATED: ___June 11___

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re AMTRUST FINANCIAL SERVICES, INC. SECURITIES LITIGATION | : : : | Civil Action No. 1:17-cv-01545-LAK <br> <u>CLASS ACTION</u> |
| | : : | |
| This Document Relates To: | : : | |
| ALL ACTIONS. | : : | |
| | x | |

NOTICE OF PENDENCY AND PROPOSED PARTIAL
SETTLEMENT OF CLASS ACTION

EXHIBIT 1

4918-8336-1965.v2

**TO:    ALL PERSONS WHO PURCHASED: (A) AMTRUST FINANCIAL SERVICES, INC. ("AMTRUST") COMMON STOCK ISSUED IN AND/OR TRACEABLE TO AMTRUST'S $320,000,000 PUBLIC OFFERING CONDUCTED ON OR ABOUT NOVEMBER 11, 2015 (THE "NOVEMBER 2015 COMMON STOCK OFFERING"), AND WERE DAMAGED THEREBY; AND/OR (B) AMTRUST 6.95% NON-CUMULATIVE PREFERRED STOCK, SERIES F, ISSUED IN AND/OR TRACEABLE TO AMTRUST'S $287,500,000 PUBLIC OFFERING CONDUCTED ON OR ABOUT SEPTEMBER 27, 2016 (THE "SEPTEMBER 2016 SERIES F PREFERRED STOCK OFFERING"), AND WERE DAMAGED THEREBY**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.AMTRUSTSECURITIESLITIGATION.COM) ON OR BEFORE _____, 2026.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice") has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between North Atlantic States Carpenters Guaranteed Annuity and Pension Funds ("Lead Plaintiff") and plaintiffs Jupiter Capital Management and the Irving Lichtman Revocable Living Trust (collectively, "Plaintiffs"), and defendants AmTrust, Barry D. Zyskind, Kristin Pipoly, Executrix of the Estate of Ronald Pipoly, Jr., Donald T. DeCarlo, Susan C. Fisch, Abraham Gulkowitz, George Karfunkel, and Jay J. Miller, Citigroup Global Markets Inc., Keefe, Bruyette & Woods, Inc., Morgan Stanley & Co. LLC, RBC Capital Markets, LLC, and UBS Securities LLC (collectively, "Settling Defendants")[1]; (ii) the proposed $19 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Partial Settlement dated June 8, 2026 (the "Stipulation"), by and between Plaintiffs and Settling Defendants (the "Parties" or "Settling Parties").  This Notice describes what steps you may take in relation to the Settlement and this class action.[2]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Settling Defendants or the merits of the claims or defenses asserted by or against the Settling

---

[1]    The Litigation is continuing against non-settling defendant BDO U.S.A., P.C. ("BDO").

[2]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.AmTrustSecuritiesLitigation.com.

4918-8336-1965.v2

Defendants.  This Notice is solely to advise you of the pendency of the Litigation, the proposed Settlement of the Litigation, and your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  **Proofs of Claim must be postmarked or submitted online on or before _____, 2026.** |
| **EXCLUDE YOURSELF FROM THE CLASSES** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Settling Defendants or any other Released Settling Defendant Parties about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Classes you should understand that Settling Defendants and the other Released Settling Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Requests for exclusion must be postmarked or received on or before _____, 2026.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Classes.  **Objections must be *received* by the Court and counsel on or before _____, 2026.  If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| **GO TO THE SETTLEMENT HEARING ON _____, 2026, AT _:_ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, including awards to Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4).  **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before _____, 2026.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Classes, which means that you give up your right to ever be part of any other lawsuit against the Settling Defendants or any other Released Settling Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

- 2 -

4918-8336-1965.v2

# SUMMARY OF THIS NOTICE

## Statement of Class Recovery

Pursuant to the Settlement described herein, a $19 million cash settlement fund has been established. Based on Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution under the Plan of Allocation is approximately $2.09 per common share and $0.45 per Series F Preferred share, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that this is only an estimate**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. Please see the Plan of Allocation set forth and discussed at pages ___ through ____ below for more information on the calculation of your claim.

## Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Classes prevailed on each or any claim alleged. Settling Defendants deny that they are liable to the Classes and deny that the Classes have suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Settling Defendants engaged in conduct that would give rise to any liability to the Classes under the federal securities laws; (2) whether Settling Defendants have valid defenses to any such claims of liability; and (3) economic model for determining damages.

## Statement of Attorneys' Fees and Expenses Sought

Since the Litigation's inception in 2017, Plaintiffs' Counsel[3] have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Classes, they would be paid from such recovery. Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees not to exceed one-third of the Settlement Amount, plus expenses not to exceed $550,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may request awards not to exceed $40,000 in the aggregate pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Classes. If the amounts requested are approved by the Court, the average cost per AmTrust common share will be approximately $0.76 and the average cost per Series F Preferred share will be approximately $0.16.

---

[3] "Plaintiffs' Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP, Pomerantz LLP, and Bronstein, Gewirtz & Grossman, LLC.

4918-8336-1965.v2

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-808-8452, or visit the website, www.AmTrustSecuritiesLitigation.com.

You may also contact a representative of counsel for the Classes: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Settling Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Classes now, without further risk or the delays inherent in continued litigation against the Settling Defendants. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Settling Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Settling Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

**BASIC INFORMATION**

| |
|---|
| **1.     What is the purpose of this Notice?** |

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of New York (the "Court"), and the case is known as *In re AmTrust Financial Services, Inc. Securities Litigation*, Civil Action No. 1:17-cv-01545-LAK. The case has been assigned to the Honorable Lewis A. Kaplan. The entities representing the Classes are the "Plaintiffs," and the companies and individuals they sued and who have now settled are called the "Settling Defendants."

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the

- 4 -

Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| 2. | What is this lawsuit about? |
|---|---|

The initial complaint in the Court was filed on March 1, 2017.[4]  On June 19, 2017, the Court appointed New England Carpenters Guaranteed Annuity and Pension Funds (n/k/a North Atlantic States Carpenters Guaranteed Annuity and Pension Funds) as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On August 18, 2017, Plaintiffs filed their Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "Complaint").  Settling Defendants moved to dismiss the Complaint on October 17, 2017.  Plaintiffs filed their opposition on December 1, 2017.  Settling Defendants filed their reply briefs on January 2, 2018, and the Court held oral argument on February 7, 2018.

On August 23, 2018, Plaintiffs moved to partially lift the PSLRA's automatic stay of discovery.  The AmTrust Defendants opposed the motion on September 6, 2018.  Plaintiffs filed their reply brief on September 13, 2018, and the Court issued an order denying the motion on October 11, 2018.

On November 26, 2018, Plaintiffs filed their Consolidated Second Amended Complaint for Violations of the Federal Securities Laws (the "SAC").  Settling Defendants and BDO moved to dismiss the SAC on December 5, 2018, and Plaintiffs filed their opposition on January 9, 2019.  Settling Defendants and BDO filed their reply briefs on January 23, 2019, and on September 9, 2019, the Court granted their motions to dismiss.

Plaintiffs moved for leave to amend the SAC, which was opposed by Settling Defendants and BDO.  The Court granted the motion to amend on November 4, 2019.  On November 5, 2019, Plaintiffs filed the operative Third Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "TAC").  Settling Defendants and BDO moved to dismiss the TAC on January 10, 2020.  Plaintiffs filed their opposition on February 13, 2020.  Settling Defendants and BDO filed their replies on February 27, 2020, and on April 20, 2020, the Court granted the motions to dismiss with prejudice.

Plaintiffs appealed the Court's order to the Second Circuit Court of Appeals, and after full briefing and oral argument, on August 23, 2023, the Second Circuit vacated, in part, the Court's dismissal, and remanded the case to the District Court.  Plaintiffs filed a petition for a panel rehearing.  The Second Circuit then invited the SEC to file an amicus brief, which it filed on February 16, 2024.  The Second Circuit thereafter invited BDO to respond, which it did in the form of a response to the Petition for Panel Rehearing on April 9, 2024.  On October 31, 2024, the Second Circuit partially revised its August 23, 2023 opinion to reinstate Plaintiffs' Section 10(b) claim against BDO.

---

[4]   On February 28, 2017, a complaint alleging similar claims was filed in the United States District Court for the Central District of California.  That complaint was dismissed on June 2, 2017.

4918-8336-1965.v2

On December 16, 2024, BDO filed a Petition for Rehearing or Rehearing *en banc*. The Second Circuit denied the petition on January 7, 2025.

Settling Defendants and BDO answered the TAC on March 17, 2025. On May 7, 2025, BDO filed a petition for a writ of *certiorari*, in the United States Supreme Court. The Supreme Court denied the petition on October 6, 2025.

The Settling Parties and BDO engaged in extensive fact discovery, including propounding and responding to document requests and interrogatories. Discovery was well underway at the time this Settlement was reached, and Plaintiffs are continuing to pursue their claims against BDO.

Plaintiffs filed their motion for class certification on September 18, 2025. Settling Defendants and BDO filed their opposition briefs on December 22, 2025, and Plaintiffs filed their replies on February 20, 2026. The motion remains pending, although, on April 16, 2026, Plaintiffs requested that, in light of the Settlement, the Court limit its consideration of the motion only as it concerns the BDO Subclass.

Plaintiffs and AmTrust participated in a voluntary confidential mediation session with Hon. Layn R. Phillips (Ret.) (of Phillips ADR), an experienced mediator, on May 22, 2025. The Parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session and the Litigation continued. The Parties later continued their settlement discussions through Judge Phillips, and on April 15, 2026, the Settling Parties accepted a mediator's proposal to settle Plaintiffs' claims against the AmTrust Defendants and the Underwriter Defendants in return for a cash payment of $19,000,000 to be paid by AmTrust, on behalf of all of the Settling Defendants for the benefit of the Classes, subject to negotiation of the terms of a stipulation of settlement and approval by the Court. The Settling Parties thereafter notified the Court of the agreement in principle. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Settling Defendants or Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation against the Settling Defendants, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation. Settling Defendants have denied, and continue to deny, each and all of the claims alleged by Plaintiffs and any allegations of wrongdoing, liability, or damages.

The litigation is continuing against BDO. There is no guarantee that there will be any further recovery.

If there were no settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Settling Defendants, neither Plaintiffs nor the other Members of the Classes would recover anything from Settling Defendants. Also, if Settling Defendants proved any of their defenses at summary judgment, trial, or on appeal, the Classes could recover substantially less than the amount provided in the Settlement, or nothing at all.

- 6 -

**WHO IS IN THE SETTLEMENT**

| 4. | How do I know if I am a Member of the Classes? |
|---|---|

The Court directed that everyone who fits one of these descriptions is a Class Member: "Classes" means all Persons who purchased: (a) AmTrust common stock issued in and/or traceable to AmTrust's $320,000,000 public offering conducted on or about November 11, 2015 (the "November 2015 Common Stock Offering"), who were damaged thereby (the "November 2015 Common Stock Subclass"); and/or (b) AmTrust 6.95% Non-Cumulative Preferred Stock, Series F, issued in and/or traceable to AmTrust's $287,500,000 public offering conducted on or about September 27, 2016 (the "September 2016 Series F Preferred Stock Offering"), who were damaged thereby (the "September 2016 Series F Preferred Stock Subclass," and together with the November 2015 Common Stock Subclass, the "Classes"). Excluded from the November 2015 Common Stock Subclass are the defendants named by that Subclass in the TAC, the officers and directors of AmTrust, at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which those defendants have or had a controlling interest. Excluded from the September 2016 Series F Preferred Stock Subclass are the defendants named by that Subclass in the TAC, the officers and directors of AmTrust, at all relevant times, as well as members of their immediate families and their legal representative, heirs, successors, or assigns, and any entity in which those defendants have or had a controlling interest. Also excluded from the Classes is any Person who properly excludes himself, herself, itself, or themselves from the Classes by submitting a valid and timely request for exclusion. For the avoidance of doubt, any "Investment Vehicle" shall not be excluded from the Classes. "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and employee-benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest, or as to which any Underwriter Defendant or any of its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity (other than where the Underwriter Defendant or any of its affiliates is a controlling owner or holds a controlling beneficial interest and only to the extent of such Underwriter Defendants' or its affiliates' ownership or interest).

**Please Note**: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2026.

| 5. | What if I am still not sure if I am included in the Classes? |
|---|---|

If you are still not sure whether you are included in one or both of the Classes, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-808-8452, or you can fill out and return the Proof of Claim to see if you qualify.

4918-8336-1965.v2

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation against the Settling Defendants only, the Settling Defendants have agreed to pay, or cause to be paid, $19 million in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation and who would receive at least $10.00. The Plan of Allocation is described in more detail at the end of this Notice. As noted above, the Litigation is continuing against non-settling defendant BDO.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

**HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM**

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.AmTrustSecuritiesLitigation.com. Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *AmTrust Securities Litigation*, c/o Verita Global, Claims Administrator, P.O. Box 301171, Los Angeles, CA 90030-1171) **or submit it online at www.AmTrustSecuritiesLitigation.com so that it is postmarked or received no later than _____, 2026**.

| 9. | When will I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2026, at _____ .m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Classes? |
|---|---|

If you are a Class Member, unless you timely and validly exclude yourself from the Classes, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Settling Defendants or the Released Settling Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this Litigation. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement

- 8 -

4918-8336-1965.v2

is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Settling Defendant Parties" (as defined below):

- "Released Plaintiffs' Claims" means any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known or unknown, contingent or non-contingent, indirect or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, at law or in equity, whether foreign or domestic, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future against Settling Defendants, and any and all of their Related Parties, in any forum, that: (i) arise out of, or are related in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations, or omissions that were or could have been involved, set forth, alleged, or referred to in the Litigation; and (ii) in any way are based upon or related to, directly or indirectly, the purchase of AmTrust common stock issued in and/or traceable to the November 2015 Common Stock Offering or the purchase of Series F Preferred Stock issued in and/or traceable to the September 2016 Series F Preferred Stock Offering. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of this Settlement; (ii) any derivative or ERISA claims; or (iii) any claims of any Person who or which submits a timely and valid request for exclusion from the Classes that is accepted by the Court. Released Plaintiffs' Claims includes Unknown Claims, as defined below.

- "Released Settling Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Settling Defendants in the Litigation. Released Settling Defendants' Claims do not include: (i) any claims relating to the enforcement of this Settlement; or (ii) any claims against any Person who or which submits a timely and valid request for exclusion from the Classes that is accepted by the Court.

- "Released Settling Defendant Party" or "Released Settling Defendant Parties" mean any or all of Settling Defendants and the Represented Non-Party Underwriters and/or any or all of their current, former or future parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, principals, agents, managing agents, employees, controlling shareholders, attorneys, accountants, investment bankers, representatives, claims

- 9 -

4918-8336-1965.v2

administrators, underwriters, insurers and reinsurers in their capacities as such; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacities as such; as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns. For the avoidance of doubt, BDO is not a Released Settling Defendant Party.

• "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Plaintiffs, their respective attorneys, including Plaintiffs' Counsel, and all other Class Members, and each and all of their respective current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, related entities and attorneys; and the predecessors, successors, estates, estate managers, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representative of each of them, in their capacities as such.

• "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, its, or their favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, it, or them, might have affected his, her, its, or their decision(s) with respect to this partial Settlement, including, but not limited to, whether or not to object to this partial Settlement or seek exclusion from the Classes; and (b) any and all Released Settling Defendants' Claims that any of the Released Settling Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this partial Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Settling Defendant Parties; and (b) any and all Released Settling Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Settling Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

- 10 -

4918-8336-1965.v2

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall fully, finally, and forever expressly waive, and each Member of the Classes shall be deemed to have, and by operation of the Judgment shall have, waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Settling Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Settling Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Settling Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Settling Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Settling Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Settling Defendants' Claims against Releasing Plaintiff Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Settling Defendant Parties shall be deemed by operation of law to have acknowledged, and the Members of the Classes shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the partial Settlement of which this release is a part.

- 11 -

**EXCLUDING YOURSELF FROM THE CLASSES**

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Settling Defendants and the other Released Settling Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Classes. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Classes because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If timely and valid requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, AmTrust shall have, in its discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| 11. | How do I get out of the Classes and the proposed Settlement? |
|---|---|

To exclude yourself from the Classes and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Classes in the *AmTrust Securities Litigation*." Your letter must include your purchases and sales of AmTrust common stock issued in and/or traceable to the November 2015 Common Stock Offering and/or AmTrust Series F Preferred Stock issued in and/or traceable to the September 2016 Series F Preferred Stock Offering, including the dates and number of shares purchased and/or sold, and the price paid for each such purchase and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request so that it is **postmarked or received no later than _____, 2026** to:

> *AmTrust Securities Litigation*
> Claims Administrator
> c/o Verita Global
> EXCLUSIONS
> P.O. Box 5100
> Larkspur, CA  94977-5100

If you properly exclude yourself, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Settling Defendants and the other Released Settling Defendant Parties about the Released Plaintiffs' Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue the Settling Defendants and the other Released Settling Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself from the Classes, you give up any rights you may potentially have to sue the Settling Defendants and the other Released Settling Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Settling Defendant Parties, speak to your lawyer in that case immediately. You must exclude

4918-8336-1965.v2

yourself from the Classes in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2026.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself from the Classes, you should not send in a Proof of Claim to ask for any money from the Settlement. But you may have the right to potentially sue or be part of a different lawsuit against the Settling Defendants and/or the other Released Settling Defendant Parties about the Released Plaintiffs' Claims.

### THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees not to exceed one-third of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $550,000 in connection with the Litigation against the Settling Defendants, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek awards not to exceed $40,000 in the aggregate in connection with their representation of the Classes. Such sums as may be approved by the Court will be paid from the Settlement Fund.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *AmTrust Securities Litigation*. Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares of AmTrust common stock or Series F Preferred Stock pursuant and/or traceable to those Offerings you purchased and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or Fee and Expense Application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Classes, or to Classes as a whole. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected, and include copies of any papers, briefs, or other

- 13 -

4918-8336-1965.v2

documents upon which the objection is based.  You must also include copies of documents demonstrating your purchases and/or sales of AmTrust common stock and/or Series F Preferred Stock, including the dates and the number of shares purchased and/or sold, and the price paid or received for each such purchase or sale.  Your comment or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received* no later than _____, 2026:**

| COURT | LEAD COUNSEL | SETTLING DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK Daniel Patrick Moynihan U.S. Courthouse 500 Pearl Street New York, NY  10007 | ROBBINS GELLER RUDMAN  & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA  92101 | WILLIAMS  &  CONNOLLY LLP Attn: Amanda M. MacDonald 680 Maine Avenue, SW Washington, D.C.  20024  ROPES & GRAY LLP Attn: Gregg L. Weiner 1211 Avenue of the Americas New York, NY  10036 |

---

**17.     What is the difference between objecting and excluding?**

---

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Classes.

Excluding yourself is telling the Court that you do not want to recovery money and do not want to release any claims you think you may have against the Settling Defendants and the other Released Settling Defendant Parties.  If you exclude yourself from the Classes, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend the hearing and speak, but you do not have to.

---

**18.     When and where will the Court decide whether to approve the proposed Settlement?**

---

The Court will hold a Settlement Hearing at ___  **.m., on _____, 2026**, before the Honorable Lewis A. Kaplan at the United States District Court, Southern District of New York, Courtroom 21B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY  10007.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Plaintiffs.  At or after the Settlement Hearing, the Court will decide

- 14 -

4918-8336-1965.v2

whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website. Accordingly, please continue to check the Settlement website for important updates.

| 19. | Do I have to come to the Settlement Hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the Settlement Hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *AmTrust Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than _____, 2026**, and addressed to the Clerk of Court, Lead Counsel, and Settling Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Classes.

### IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Classes, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Defendants and the other Released Settling Defendant Parties about the Released Plaintiffs' Claims in this case.

### GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

- 15 -

4918-8336-1965.v2

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-808-8452 or by email at info@AmTrustSecuritiesLitigation.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.AmTrustSecuritiesLitigation.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

| **23.** | **How will my claim be calculated?** |
|---|---|

As discussed above, the Settlement provides $19 million in cash for the benefit of the Classes. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees, expenses, or amounts approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Classes who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Classes. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.AmTrustSecuritiesLitigation.com.

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Members of the Classes who submit acceptable Proofs of Claim ("Authorized Claimants") based on their respective alleged economic losses resulting from violations of the federal securities laws alleged in this Litigation. The Plan of Allocation reflects Plaintiffs' damages expert's analysis undertaken to that end, and is based on the statutory formula for establishing damages under §11(e) of the Securities Act.

2.      The calculations made pursuant to this Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making equitable allocations of the Net Settlement Fund.

3.      As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis to Authorized Claimants. The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) at least two-thirds of the Net Settlement Fund will be allocated collectively to AmTrust

common stock; and (b) no more than one-third of the Net Settlement Fund will be allocated collectively to AmTrust Series F Preferred Stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

4.      Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of the AmTrust common stock or Series F Preferred Stock that is listed on the Proof of Claim and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

**Transactions in AmTrust Common Stock**

5.      For each share of AmTrust common stock purchased in and/or traceable to the November 2015 Common Stock Offering, and:

> (a)      sold prior to February 27, 2017, the claim per AmTrust common share is $0;

> (b)      sold from February 27, 2017, through April 18, 2017,[5] the claim per AmTrust common share is $27.66 per share[6] less the price per share;

> (c)      sold from April 29, 2017, through July 26, 2017,[7] the claim per AmTrust common share is $27.66 per share less the sales price per share, not to exceed $11.61 per share;[8] and

> (d)      retained at the end of July 26, 2017, the claim per AmTrust common share is $11.61 per share.

**Transactions in AmTrust Series F Preferred Stock**

6.      For shares of AmTrust Series F Preferred Stock purchased in and/or traceable to the September 2016 Series F Preferred Stock Offering between September 21, 2016, through April 10, 2017;[9] and

> (a)      sold prior to February 27, 2017, the claim per share is $0;

---

[5]     The first complaint alleging Securities Act violations was filed on April 28, 2017.

[6]     This amount represents the closing price of AmTrust common stock on February 24, 2017 (the date prior to the first alleged corrective disclosure).

[7]     Following July 26, 2017, AmTrust's common stock price never exceeded $16.05 per share (the closing price on April 28, 2017).

[8]     The amount of $11.61 per share represents the difference between AmTrust's February 24, 2017, closing price ($27.66 per share) less the April 28, 2017 closing price ($16.05 per share).

[9]     April 10, 2017 is the last day prior to *The Wall Street Journal* article representing the last alleged corrective disclosure in the case.

- 17 -

(b)      sold from February 27, 2017, through April 28, 2017, the claim per share is the purchase price per share (not to exceed $25.00 per share)[10] less the sales price per share;

(c)      sold from April 28, 2017, through November 10, 2017,[11] the claim per share is the purchase price per share (not to exceed $25.00 per share) less the greater of: (i) the sale price per share, or (ii) $22.10 per share;[12] and

(d)      retained at the end of November 10, 2017, the claim per share is the purchase price per share (not to exceed $25 per share) less $22.10 per share.

## ADDITIONAL PROVISIONS

7.      **Calculation of Claimant's "Recognized Claim":**  A claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above.

8.      **FIFO Matching:**  If a Class Member made more than one purchase or sale of the AmTrust common stock or Series F Preferred Stock pursuant and/or traceable to their respective Offerings, all purchases and sales will be matched on a First In, First Out ("FIFO") basis.  Sales will be matched first against any holdings on the day before each Offering, and then against purchases in chronological order, beginning with the earliest purchase made.

9.      **"Purchase/Sale" Dates:**  Purchases and sales will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions in exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented.  However, the receipt or grant by gift, inheritance, or operation of law shall not be deemed a purchase or sale for the calculation of a claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale unless (i) the donor or decedent purchased the shares during pursuant and/or traceable to the Offerings; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

10.     **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of the common stock or Series F Preferred Stock.  The date of a "short sale" is deemed to be the date of sale.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.  In the event that a claimant has an opening short position, the earliest purchases will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

---

[10]   The offer price of the September 2016 Offering was $25.00 per share.

[11]   Following November 10, 2017, AmTrust's Series F Preferred Stock never exceeded AmTrust's Series F Preferred Stock closing price on April 25, 2017.

[12]   The amount of $22.10 per share represents the April 28, 2017 closing price.

- 18 -

4918-8336-1965.v2

11.     **Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement.  With respect to the AmTrust common stock purchased or sold through the exercise of an option, the purchase/sale date is the exercise date of the option and the purchase/sale price is the exercise price of the option.

12.     If a claimant had a Market Gain with respect to his, her, or its overall transactions in the stock during the relevant periods, the value of the claimant's Recognized Claim will be zero, and the claimant will in any event be bound by the Settlement and the Stipulation.  If a claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in the stock during the relevant periods but that Market Loss was less than the claimant's Recognized Claim, then the claimant's Recognized Claim will be limited to the amount of the Market Loss.

13.     **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share or "Distribution Amount" will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

14.     No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

15.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund at least nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to a non-sectarian, not for profit organization(s) identified by Lead Counsel.

16.     Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court for this Settlement shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Settling Defendants, Settling Defendants' Counsel, any of the other Class Members, the Claims Administrator, or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court.  Plaintiffs, Settling Defendants, and their respective counsel, and all other Released Settling Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation;

- 19 -

the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

17.     The Plan of Allocation stated herein is the Plan that is being proposed to the Court for its approval by Plaintiffs, after consultation with their damages expert.  The Court may approve this Plan as proposed or it may modify the Plan of Allocation without further notice to the Classes.  Any Orders regarding any modification of the Plan of Allocation will be posted on www.AmTrustSecuritiesLitigation.com.

18.     Class Members who do not submit acceptable Proofs of Claim will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Litigation against the Settling Defendants unless they have timely and validly sought exclusion.

19.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member or claimant.

20.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim and Proof of Claim.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased AmTrust common stock in and/or traceable to the November 2015 Common Stock Offering or September 2016 Series F Preferred Stock Offering for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free 1-888-808-8452, and may be downloaded from the Settlement website, www.AmTrustSecuritiesLitigation.com.

- 20 -

4918-8336-1965.v2

*AmTrust Securities Litigation*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA  90030-1171


DATED: _____          _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- 21 -

4918-8336-1965.v2

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————— x
In re AMTRUST FINANCIAL SERVICES,    :   Civil Action No. 1:17-cv-01545-LAK
INC. SECURITIES LITIGATION           :
                                             :   <u>CLASS ACTION</u>
—————————————————   :
                                             :
This Document Relates To:            :
                                             :
     ALL ACTIONS.                        :
————————————————— x

PROOF OF CLAIM AND RELEASE

EXHIBIT 2

4922-5376-5035.v3

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Classes in the action *In re AmTrust Financial Services, Inc. Securities Litigation*, No. 1:17-cv-01545-LAK (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release ("Proof of Claim" or "Claim Form"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed partial settlement of the Litigation (the "Settlement").[1]

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2026, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

> *AmTrust Securities Litigation*
> Claims Administrator
> c/o Verita Global
> P.O. Box 301171
> Los Angeles, CA  90030-1171
> Online Submissions: www.AmTrustSecuritiesLitigation.com

If you are NOT a member of one or both of the Classes (as defined below and in the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim.

---

[1]      This Proof of Claim incorporates by reference the definitions in the Stipulation of Partial Settlement ("Stipulation"), which can be obtained at www.AmTrustSecuritiesLitigation.com.

4922-5376-5035.v3

4.      If you are a member of one or both of the Classes and you do not request exclusion from the Classes, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.      CLAIMANT IDENTIFICATION

You are a member of the November 2015 Common Stock Subclass if you purchased AmTrust common stock issued in and/or traceable to the public offering conducted on or about November 11, 2015 (the "November 2015 Common Stock Offering"), who were damaged thereby. Excluded from the November 2015 Common Stock Subclass are the defendants named by that Subclass in the Third Consolidated Amended Complaint for Violations of the Federal Securities Laws ("TAC"), the officers and directors of AmTrust, at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which those defendants have or had a controlling interest.  Also excluded from the November 2015 Common Stock Subclass is any Person who properly excludes himself, herself, itself, or themselves therefrom.  For the avoidance of doubt, any "Investment Vehicle" shall not be excluded from the Classes.  "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee-benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest, or as to which any Underwriter Defendant or any of its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity (other than where the Underwriter Defendant or any of its affiliates is controlling owner or

4922-5376-5035.v3

holds a controlling beneficial interest and only to the extent of such Underwriter Defendants' or its affiliates' ownership or interest).

You are a member of the September 2016 Series F Preferred Stock Subclass if you purchased AmTrust 6.95% Non-Cumulative Preferred Stock, Series F, issued in and/or traceable to the public offering conducted on or about September 27, 2016 (the "September 2016 Series F Preferred Stock Offering"), who were damaged thereby. Excluded from the September 2016 Series F Preferred Stock Subclass are the defendants named by that Subclass in the TAC, the officers and directors of AmTrust, at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which those defendants have or had a controlling interest. Also excluded from the September 2016 Series F Preferred Stock Subclass is any Person who properly excludes himself, herself, itself, or themselves therefrom.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the AmTrust common stock or Series F Preferred Stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE AMTRUST COMMON STOCK OR SERIES F PREFERRED STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4922-5376-5035.v3

If you are acting in a representative capacity on behalf of a Member of the Classes (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Classes. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One Claim Form should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity, including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity, and the complete name of the beneficial owner(s) of the common stock or Preferred Stock must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The third-party filer shall not be the payee of any distribution payment or electronic distribution payment. No electronic files will be considered

- 4 -

4922-5376-5035.v3

to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in AmTrust Common Stock," to supply all required details of your transaction(s) in AmTrust common stock.  Use Part III of this form entitled "Schedule of Transactions in AmTrust Series F Preferred Stock," to supply all required details of your transaction(s) in AmTrust 6.95% Non-Cumulative Preferred Stock, Series F.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of AmTrust common stock in and/or traceable to the November 2015 Common Stock Offering, and *all* of your purchases and *all* of your sales of AmTrust Series F Preferred Stock in the September 2016 Series F Preferred Stock Offering, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the shares of AmTrust common stock that you held at the close of trading on November 10, 2015 and July 26, 2017, and Series F Preferred Stock you held at the close of trading on September 26, 2016, April 28, 2017, and November 10, 2017.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of AmTrust common stock or Series F Preferred Stock, and the date of a "short sale" is deemed to be the date of sale of AmTrust common stock or Series F Preferred Stock.

- 5 -

4922-5376-5035.v3

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in AmTrust common stock or Series F Preferred Stock.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

4922-5376-5035.v3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*In re AmTrust Financial Services, Inc. Securities Litigation*

Civil Action No. 1:17-cv-01545-LAK

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 2026

Please Type or Print

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN AMTRUST COMMON STOCK AND SERIES F PREFERRED STOCK.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

**PART I: CLAIMANT IDENTIFICATION**

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | M.I. | First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

LAST 4 DIGITS OF SOCIAL SECURITY NUMBER    or    Taxpayer Identification Number

Telephone Number (Primary Daytime)    Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City | State | Zip Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

- 7 -

4922-5376-5035.v3

PART II:    SCHEDULE OF TRANSACTIONS IN AMTRUST COMMON STOCK

A.    Number of shares of AmTrust common stock held at the close of trading on November 10, 2015: _____

Proof Enclosed?
◯ Y
◯ N

B.    Purchases of AmTrust common stock pursuant and/or traceable to AmTrust's November 2015 Common Stock Offering at $32.00 per share: _____

Proof Enclosed?
◯ Y
◯ N

C.    Sales of AmTrust common stock between November 11, 2015 and July 26, 2017, inclusive:

| SALES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| 1. M M / D D / Y Y Y Y | | $ . 0 0 | ◯ Y ◯ N |
| 2. / / | | $ . 0 0 | ◯ Y ◯ N |
| 3. / / | | $ . 0 0 | ◯ Y ◯ N |
| 4. / / | | $ . 0 0 | ◯ Y ◯ N |

D.    Number of shares of AmTrust common stock held at the close of trading on July 26, 2017:

Proof Enclosed?
◯ Y
◯ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE _____. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

- 8 -

4922-5376-5035.v3

PART III:    SCHEDULE OF TRANSACTIONS IN AMTRUST SERIES F PREFERRED STOCK

A.    Number of shares of AmTrust Series F Preferred Stock held at the close of trading on September 26, 2016: _____

Proof Enclosed?
○ Y
○ N

B.    Purchases of AmTrust Series F Preferred Stock pursuant and/or traceable to AmTrust's September 2016 Series F Preferred Stock Offering at $25.00 per share: _____

Proof Enclosed?
○ Y
○ N

C.    Sales of AmTrust Series F Preferred Stock between September 27, 2016 and November 10, 2017, inclusive:

| SALES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| M M / D D / Y Y Y Y | | | |
| 1. □□/□□/□□□□ | | $ _____ . 0 0 | ○ Y  ○ N |
| 2. □□/□□/□□□□ | | $ _____ . 0 0 | ○ Y  ○ N |
| 3. □□/□□/□□□□ | | $ _____ . 0 0 | ○ Y  ○ N |
| 4. □□/□□/□□□□ | | $ _____ . 0 0 | ○ Y  ○ N |

D.    Number of shares of AmTrust Series F Preferred Stock held at the close of trading on April 28, 2017:

Proof Enclosed?
○ Y
○ N

E.    Number of shares of AmTrust Series F Preferred Stock held at the close of trading on November 10, 2017:

Proof Enclosed?
○ Y
○ N

- 9 -

4922-5376-5035.v3

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a member of one or both of the Classes and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase of AmTrust common stock or Series F Preferred Stock during the relevant periods and know of no other person having done so on my (our) behalf.

## V. RELEASES

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiffs' Claims each and all of the Released Settling Defendant Parties.

2.      "Released Settling Defendant Party" or "Released Settling Defendant Parties" mean any or all of Settling Defendants and the Represented Non-Party Underwriters and/or any or all of their current, former, or future parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, principals, agents, managing agents, employees, controlling shareholders, attorneys, accountants, investment bankers,

- 10 -

4922-5376-5035.v3

representatives, claims administrators, underwriters, insurers and reinsurers in their capacities as such; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.  For the avoidance of doubt, BDO is not a Released Settling Defendant Party.

3.      "Released Plaintiffs' Claims" means any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known or unknown, contingent or non-contingent, indirect or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, at law or in equity, whether foreign or domestic, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future against Settling Defendants, and any and all of their Related Parties, in any forum, that: (i) arise out of, or related in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations, or omissions that were or could have been involved, set forth, alleged, or referred to in the Litigation; and (ii) in any way are based upon or related to, directly or indirectly, the purchase of AmTrust common stock issued in and/or traceable to the November 2015 Common Stock Offering or the purchase of Series F Preferred Stock issued in and/or traceable to the September 2016 Series F Preferred Stock Offering.  Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of this Settlement; (ii) any derivative or ERISA claims; or (iii) any claims of any Person who or which submits a timely and

4922-5376-5035.v3

valid request for exclusion from the Classes that is accepted by the Court. Released Plaintiffs' Claims includes Unknown Claims (as defined below).

4.      "Released Settling Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined in the Stipulation and Notice) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Settling Defendants in the Litigation. Released Settling Defendants' Claims do not include: (i) any claims relating to the enforcement of this Settlement; or (ii) any claims against any Person who or which submits a timely and valid request for exclusion from the Classes that is accepted by the Court.

5.      "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, its, or their favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, it, or them, might have affected his, her, its, or their decision(s) with respect to this partial Settlement, including, but not limited to, whether or not to object to this partial Settlement or seek exclusion from the Classes; and (b) any and all Released Settling Defendants' Claims that any of the Released Settling Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this partial Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Settling Defendant Parties; and (b) any and all Released Settling Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties

- 12 -

4922-5376-5035.v3

stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Settling Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall fully, finally, and forever expressly waive, and each Member of the Classes shall be deemed to have, and by operation of the Judgment shall have, waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Settling Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Settling Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Settling Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or

- 13 -

4922-5376-5035.v3

hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Settling Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Settling Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Settling Defendants' Claims against Releasing Plaintiff Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Settling Defendant Parties shall be deemed by operation of law to have acknowledged, and the Members of the Classes shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

6.      These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

- 14 -

7.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of AmTrust common stock and/or traceable in the November 2015 Common Stock Offering and the September 2016 Series F Preferred Stock Offering and the number of shares of AmTrust common stock held by me (us) at the close of trading on November 10, 2015 and July 26, 2017, and AmTrust Series F Preferred Stock held by me (us) at the close of trading on September 26, 2016, April 28, 2017, and November 10, 2017.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____
                                 (Month/Year)                       (City/State/Country)

_____     _____
(Sign your name here)                             (Sign your name here)

_____     _____
(Type or print your name here)                     (Type or print your name here)

_____     _____
(Capacity of person(s) signing, *e.g.*,              (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)    Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. Do not send originals of certificates.
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.**

4922-5376-5035.v3

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____ __, 2026,**

**ADDRESSED AS FOLLOWS:**

*AmTrust Securities Litigation*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA 90030-1171
www.AmTrustSecuritiesLitigation.com

- 16 -

4922-5376-5035.v3

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| In re AMTRUST FINANCIAL SERVICES, INC. SECURITIES LITIGATION | : | Civil Action No. 1:17-cv-01545-LAK |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | |
| | : | |
| ALL ACTIONS. | : | |
| | x | |

SUMMARY NOTICE

EXHIBIT 3

4901-3727-1467.v3

**TO:**  **ALL PERSONS WHO PURCHASED: (A) AMTRUST FINANCIAL SERVICES, INC. ("AMTRUST") COMMON STOCK ISSUED IN AND/OR TRACEABLE TO THE PUBLIC OFFERING CONDUCTED ON OR ABOUT NOVEMBER 11, 2015, AND WERE DAMAGED THEREBY; AND/OR (B) AMTRUST 6.95% NON-CUMULATIVE PREFERRED STOCK, SERIES F, ISSUED IN AND/OR TRACEABLE TO THE PUBLIC OFFERING CONDUCTED ON OR ABOUT SEPTEMBER 27, 2016, AND WERE DAMAGED THEREBY**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), that the above-captioned action ("Litigation") has been certified as a class action with respect to this Settlement only, except for certain persons and entities who are excluded from the Classes by definition as set forth in the Stipulation of Partial Settlement dated June 8, 2026 ("Stipulation") and the detailed Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice"). The Stipulation and Notice can be viewed at www.AmTrustSecuritiesLitigation.com.

**YOU ARE ALSO HEREBY NOTIFIED** that North Atlantic States Carpenters Guaranteed Annuity and Pension Funds ("Lead Plaintiff") and plaintiffs Jupiter Capital Management and the Irving Lichtman Revocable Living Trust (collectively, "Plaintiffs"), and defendants AmTrust, Barry D. Zyskind, Kristin Pipoly, Executrix of the Estate of Ronald Pipoly, Jr., Donald T. DeCarlo, Susan C. Fisch, Abraham Gulkowitz, George Karfunkel, Jay J. Miller, Citigroup Global Markets Inc., Keefe, Bruyette & Woods, Inc., Morgan Stanley & Co. LLC, RBC Capital Markets, LLC, and UBS Securities LLC (collectively, "Settling Defendants") have reached a proposed settlement of the Litigation on behalf of the Classes for $19,000,000 in cash ("Settlement").  If approved by the Court, the Settlement will resolve all claims in the Litigation against the Settling Defendants but litigation will continue against non-settling defendant BDO USA, P.C.

- 1 -

4901-3727-1467.v3

**YOU ARE ALSO HEREBY NOTIFIED** that a hearing will be held on _____, 2026, at __:__ _.m., before the Honorable Lewis A. Kaplan at the United States District Court, Southern District of New York, Courtroom 21B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine whether: (1) the partial Settlement of the above-captioned Litigation against the Settling Defendants as set forth in the Stipulation for $19 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation against the Settling Defendants with prejudice; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice) and, if so, in what amounts; (4) to award Plaintiffs their costs and expenses in representing the Classes out of the Settlement Fund and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

There exists the possibility that the Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or videoconference, without further written notice to the Classes. It is important that you check the Settlement website, www.AmTrustSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED: (A) AMTRUST COMMON STOCK ISSUED IN AND/OR TRACEABLE TO THE PUBLIC OFFERING CONDUCTED ON OR ABOUT NOVEMBER 11,

- 2 -

4901-3727-1467.v3

2015, AND WERE DAMAGED THEREBY; AND/OR (B) AMTRUST 6.95% NON-CUMULATIVE PREFERRED STOCK, SERIES F, ISSUED IN AND/OR TRACEABLE TO THE PUBLIC OFFERING CONDUCTED ON OR ABOUT SEPTEMBER 27, 2016, AND WERE DAMAGED THEREBY, YOUR RIGHTS ARE AFFECTED BY THE PARTIAL SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2026)** or electronically **(no later than _____, 2026)**.  Failure to submit your Proof of Claim by _____, 2026, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the partial Settlement of this Litigation.  If you are a Class Member and do not request exclusion from the Classes (as described below), you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the partial Settlement and your rights thereunder (including your right to object to the partial Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.AmTrustSecuritiesLitigation.com, or by writing to or calling:

*AmTrust Securities Litigation*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA  90030-1171
info@AmTrustSecuritiesLitigation.com
1-888-808-8452

Inquiries should NOT be directed to Settling Defendants, the Court, or the Clerk of the Court.

- 3 -

4901-3727-1467.v3

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASSES, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED OR RECEIVED BY                      , 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  IF YOU PROPERLY EXCLUDE YOURSELF FROM THE CLASSES, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT.  EXCLUDING YOURSELF FROM THE CLASSES IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST SETTLING DEFENDANTS OR ANY OF THE OTHER RELEASED SETTLING DEFENDANT PARTIES CONCERNING THE CLAIMS BEING RESOLVED BY THE PARTIAL SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED ONE-THIRD OF THE $19 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $550,000, PLUS INTEREST ON BOTH AMOUNTS, AND/OR THE REQUEST FOR AWARDS TO PLAINTIFFS FOR THEIR COSTS AND EXPENSES.  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND

- 4 -

4901-3727-1467.v3

SENT TO LEAD COUNSEL AND SETTLING DEFENDANTS' COUNSEL **BY** _____,

**2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF NEW YORK

- 5 -

# EXHIBIT 4

**LEGAL NOTICE**

*In re AmTrust Financial Services, Inc. Securities Litigation*
No. 1:17-cv-01545-LAK (S.D.N.Y.)
c/o Verita Global
P.O. Box 301171
Los Angeles, CA  90030-1171

www.AmTrustSecuritiesLitigation.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read this notice carefully.


**[INCLUDE BARCODE FOR WEBSITE]**

- 1 -

4928-6450-7051.v2

THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.AMTRUSTSECURITIESLITIGATION.COM OR CALL 1-888-808-8452 FOR MORE INFORMATION.

If you purchased: (a) AmTrust Financial Services, Inc. ("AmTrust") common stock issued in and/or traceable to AmTrust's public offering conducted on or about November 11, 2015; and/or (b) AmTrust 6.95% Non-Cumulative Preferred Stock, Series F, issued in and/or traceable to AmTrust's public offering conducted on or about September 27, 2016, you could be entitled to a payment from a proposed partial settlement ("Settlement") reached in the above-captioned action ("Litigation"). Your rights may be affected by this Litigation and the partial Settlement. A hearing will be held on _____, 2026, at __:__ _.m., before the Honorable Lewis A. Kaplan at the United States District Court, Southern District of New York, Courtroom 21B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 ("Settlement Hearing"), to determine whether the proposed partial Settlement of the Litigation against Settling Defendants for $19 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Litigation should be dismissed with prejudice against Settling Defendants, as set forth in the Stipulation of Partial Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees not to exceed one-third of the Settlement Amount, and expenses not to exceed $550,000, plus interest on both amounts, and awards to Plaintiffs not to exceed $40,000 in the aggregate, pursuant to 15 U.S.C. §77z-1(a)(4) should be granted.

If approved, the Settlement will resolve against the Settling Defendants only a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, the Settling Defendants misled investors by making materially false and misleading statements and failing to disclose material information, which permitted AmTrust to conduct a common stock offering in November 2015 and a Series F Preferred Stock Offering in September 2016. Settling Defendants deny the allegations and any liability or wrongdoing of any kind. The Litigation is continuing against non-settling defendant BDO U.S.A., P.C. For a full description of the proposed partial Settlement and your rights, and instructions on how to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice"), and the Proof of Claim and Release form ("Claim Form") by visiting the website: www.AmTrustSecuritiesLitigation.com ("Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *AmTrust Securities Litigation*, c/o Verita Global, P.O. Box 301171, Los Angeles, CA 90030-1171, or (ii) toll-free call: 1-888-808-8452.

To qualify for a payment from the Settlement, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2026. Your *pro rata* share of the Settlement will depend on the number of valid claims, and the number, size, and timing of your transactions in AmTrust common stock and/or Series F Preferred Stock. The estimated average distribution per share of AmTrust common stock is approximately $2.09 and $0.45 per share of Series F Preferred Stock, before deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan approved by the Court.

4928-6450-7051.v2

You will be bound by any judgment or order entered in the Litigation with respect to this partial Settlement, regardless of whether you submit a Claim Form, unless you timely and validly exclude yourself from the Classes.  If you exclude yourself from the Classes, you cannot get money from this Settlement.  If you are a Class Member and do not exclude yourself, you may object to the proposed Settlement, Plan of Allocation, and/or request for an award of attorneys' fees and expenses and awards to Plaintiffs no later than _____, 2026.  The long-form Notice and the Website explain how to exclude yourself from the Classes or how to object.

Plaintiffs and the Classes are represented by Lead Counsel:  Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.  You may, but do not have to, attend the Settlement Hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.

4928-6450-7051.v2