Case 1:17-cv-01545-LAK Document 321 Filed 11/12/20 Page 1 of 12

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-24-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re AMTRUST FINANCIAL SERVICES, INC. SECURITIES LITIGATION | Civil Action No. 1:17-cv-01545-LAK<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | |

~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT

On the 19th day of November, 2026, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Partial Settlement dated June 8, 2026 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Classes against the Settling Defendants in the above-captioned action (the "Litigation"), including the releases, and should be approved; (2) whether judgment should be entered dismissing the TAC on the merits and with prejudice in favor of the Settling Defendants only and as against all persons or entities who are Members of the Classes herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Members of the Classes; (4) whether and in what amount to award Lead Counsel fees and costs, charges and expenses; and (5) whether and in what amount to award Plaintiffs for their costs and expenses in representing the Classes; the Court having considered all matters submitted to it at the hearing and otherwise; it appearing that a notice of the hearing substantially in the form approved by the Court was provided to all individuals and entities, reasonably identifiable, who: purchased AmTrust common stock issued in and/or traceable to the public offering conducted on or about November 11, 2015, who were damaged thereby (the "November 2015 Common Stock Subclass"); and/or purchased AmTrust 6.95% Non-Cumulative Preferred Stock, Series F, issued in and/or traceable to AmTrust's public offering conducted on or about September 27, 2016, who were damaged thereby (the "September 2016 Series F Preferred Stock Subclass") (the "Classes"), as shown by the records compiled by the Claims Administrator in connection with its providing of the Postcard Notice, at the respective addresses and/or email addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published pursuant to the Order Regarding Proposed Partial Settlement Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Classes as set forth in

Case 1:17-cv-01545-LAK Document 321 Filed 11/12/20 Page 3 of 12

the Declaration of Ross D. Murray, and the Supplemental Declaration of Ross D. Murray; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees, costs, charges and expenses requested by Lead Counsel and the request for Plaintiffs' costs and expenses.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. The Court has jurisdiction over the subject matter of this Litigation, Plaintiffs, all Members of the Classes, and Settling Defendants.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of this Settlement between Plaintiffs and Settling Defendants only, the following two subclasses: (a) the November 2015 Common Stock Subclass, defined as all purchasers of AmTrust common stock issued in and/or traceable to the public offering conducted on or about November 11, 2015, who were damaged thereby; and (b) the September 2016 Series F Preferred Stock Subclass, defined as all purchasers of AmTrust 6.95% Non-Cumulative Preferred Stock, Series F, issued in and/or traceable to AmTrust's public offering conducted on or about September 27, 2016, who were damaged thereby (the "Classes"). Excluded from the November 2015 Common Stock Subclass are the defendants named by that Subclass in the TAC, the officers and directors of AmTrust, at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which those defendants have or had a controlling interest. Excluded from the September 2016 Series F Preferred Stock Subclass are the defendants named by

Case 1:17-cv-01545-LAK Document 328 Filed 11/24/20 Page 4 of 12

that Subclass in the TAC, the officers and directors of AmTrust, at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which those defendants have or had a controlling interest. Excluded from the Classes are any Members of the Classes that validly and timely requested exclusion, which there are none. For the avoidance of doubt, any "Investment Vehicle" shall not be excluded from the Classes. "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee-benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest, or as to which any Underwriter Defendant or any of its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity (other than where the Underwriter Defendant or any of its affiliates is a controlling owner or holds a controlling beneficial interest and only to the extent of such Underwriter Defendants' or its affiliates' ownership or interest).

4. The Court finds for the purposes of the Settlement against the Settling Defendants only, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members in each Subclass is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Classes; (c) the claims of the class representatives are typical of the claims of the Subclass they seek to represent; (d) Class Representatives and Lead Counsel have and will fairly represent the interests of the Classes; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement of the Litigation against the Settling Defendants only, Jupiter Capital Management is finally certified as the Class Representative for the November 2015 Common Stock Subclass. The Irving Lichtman Revocable Living Trust is finally certified as the Class Representative for the September 2016 Series F Preferred Stock Subclass. Lead Counsel, Robbins Geller Rudman & Dowd LLP, is finally certified as Class Counsel for both Subclasses.

6. Notice of the pendency of this Litigation and the proposed Settlement was given to all Members of the Classes who could be identified with reasonable effort. The form and method of notifying the Classes of the pendency of the Litigation and the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all individuals and entities entitled thereto.

7. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Classes, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, and adequate having considered and found that: (a) Plaintiffs and Lead Counsel have adequately represented the Classes; (b) the Settlement was negotiated at arm's length; (c) the relief provided for the Classes is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Classes, including the method of processing claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be

identified under Rule 23(e)(2); and (d) the proposed Plan of Allocation treats Members of the Classes equitably relative to each other.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses all Released Plaintiffs' Claims of the Classes, as against the Released Settling Defendant Parties, with prejudice. The Settling Parties are to bear their own costs, except as to the extent provided in the Stipulation and herein.

9. The releases as set forth in ¶¶4.1-4.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.36 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

10. Upon the Effective Date, as defined in ¶1.6 of the Stipulation, Plaintiffs and each other Member of the Classes shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of law and of this Judgment shall have, to the fullest extent permitted by law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Released Settling Defendant Parties with prejudice on the merits and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration, tribunal, or administrative forum any and all of the Released Plaintiffs' Claims against any and all of the Released Settling Defendant Parties and shall be deemed to have covenanted not to sue any Released Settling Defendant Parties on the basis of the Released Plaintiffs' Claims against any of the Released Settling Defendant Parties, or, unless compelled by operation of law, to assist any Person in commencing or maintaining any suit relating to any

Released Plaintiffs' Claim against any Released Settling Defendant Parties. The foregoing release and covenant not to sue is given regardless of whether Plaintiffs or any other Class Members have: (a) executed and delivered a Proof of Claim; (b) received the Postcard Notice; (c) participated in the Settlement Fund; (d) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Plaintiffs' Counsel for attorneys' fees and expenses; or (e) had their Claims approved or allowed. Nothing contained herein shall bar any action or claim to enforce the terms of the Stipulation or this Judgment. Claims to enforce the terms of the Stipulation or this Judgment are not released.

11. Upon the Effective Date, as defined in ¶1.6 of the Stipulation, the Released Settling Defendant Parties shall be deemed to have, and by operation of law and of this Judgment shall have, to the fullest extent permitted by law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, and discharged each and every one of the Released Settling Defendants' Claims against the Releasing Plaintiff Parties, and shall be deemed to have covenanted not to sue any Releasing Plaintiff Parties on the basis of the Released Settling Defendants' Claims against any of the Releasing Plaintiff Parties, or, unless compelled by operation of law, to assist any Person in commencing or maintaining any suit relating to any Released Settling Defendants' Claim against any Releasing Plaintiff Parties. This release and covenant not to sue shall not apply to any Person who or which submits a request for exclusion from the Classes that is accepted by the Court. Nothing contained herein shall bar any action or claim to enforce the terms of the Stipulation or this Judgment. Claims to enforce the terms of the Stipulation or this Judgment are not released.

12. Throughout this Litigation, Settling Defendants have denied, and continue to deny, any and all of the claims and contentions of wrongful conduct alleged in the Litigation, including any allegations of fault, liability, wrongdoing, or damages whatsoever. Settling Defendants maintain

that they have meritorious defenses to all claims alleged in the Litigation. Settling Defendants have represented that they entered into the Settlement because it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation and the uncertainty and risks inherent in any litigation. Neither the Settlement, the Stipulation, including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation and the Settlement, nor any acts, proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith), shall be:

(a) offered or received against or to the prejudice of any of the Released Settling Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Settling Defendant Party of the truth of any allegations by Plaintiffs or any Member of the Classes or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Released Settling Defendant Parties or in any way referred to for any other reason as against any of the Released Settling Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) offered or received against or to the prejudice of Plaintiffs or any Class Member as evidence that Plaintiffs' claims in any way lack merit or the validity of any affirmative

defense that has been or could have been asserted in the Litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims;

(c) offered or received against or to the prejudice of any Released Settling Defendant Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, scheme, or omission with respect to any statement or written document approved or made by any Released Settling Defendant Party, or against Plaintiffs or any Member of the Classes as evidence of any infirmity in the claims of Plaintiffs and the Classes;

(d) offered or received against or to the prejudice of any Released Settling Defendant Party as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding; or

(e) construed against the Releasing Settling Defendant Parties, Plaintiffs, or the Classes as evidence of a presumption, concession, or admission that the consideration to be given pursuant to the Settlement represents the amount which could be or would have been recovered after trial or in any proceeding other than the Settlement; provided, however, that the Released Settling Defendant Parties may refer to it to effectuate the provisions of the Stipulation, including the release granted them hereunder.

13. The Released Settling Defendant Parties may file the Stipulation and/or this Judgment in any action in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Case 1:17-cv-01545-LAK Document 321 Filed 11/12/20 Page 10 of 12

14. The Court finds that AmTrust's financial obligations (on behalf of all Settling Defendants) under the Stipulation have been satisfied through the payment of $19,000,000.00 to the Settlement Fund, in accordance with the Stipulation.

15. The Court finds that the terms of 15 U.S.C. §78u-4(f)(7) apply to this Settlement, including that each Releasing Settling Defendant Party will be discharged from all claims for contribution brought by other persons.

~~16. The Court finds and concludes that the Plaintiffs, Plaintiffs' Counsel, Settling Defendants, and Settling Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, dispositive motion, or other filing.~~

17. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application or awards to Plaintiffs shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses, and awards to Plaintiffs.

~~18. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Classes under the Stipulation.~~

19. Any appeal or any challenge affecting the approval of: (a) the Plan of Allocation submitted by Lead Counsel; and/or (b) this Court's approval regarding any attorneys' fee and

expense applications, including any awards to Plaintiffs, shall in no way disturb or affect the finality of the other provisions of this Order and Final Judgment nor the Effective Date of the Settlement.

20. Without affecting the finality of this Judgment in any way, jurisdiction is hereby retained over Settling Defendants, Plaintiffs, and Members of the Classes for all matters relating to the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, including administering and distributing the settlement proceeds to the Members of the Classes.

21. In the event that the Effective Date does not occur in accordance with the terms of the Stipulation, or is terminated pursuant to ¶7.3 of the Stipulation, ¶¶7.4, 7.5 and 7.6 of the Stipulation shall apply and this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her, or its respective position as it existed prior to April 15, 2026.

~~22. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.~~

~~23. Settling Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.~~

24. All of the claims asserted in the Litigation against the Settling Defendants are hereby dismissed with prejudice. The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or this Order and Final Judgment.

Case 1:17-cv-01545-LAK Document 328 Filed 11/24/26 Page 12 of 12

25. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED: 11/19/26

THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

The Clerk shall terminate Dkt 507.